IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ROBERT DEAN COOLEY and
BLAKE DALTON COOLEY, a minor,
By and through Robert Dean Cooley,
his father and next friend　　　　　　　　　　　　　　　　　　　　PLAINTIFFS

vs.　　　　　　　　　　　　　　　　　　　　　CA No.: 2:06cv251 KS-MTP

JONES COUNTY, MISSISSIPPI, ET AL　　　　　　　　　　　　DEFENDANTS

## COVINGTON COUNTY, MISSISSIPPI AND SHERIFF ROGER WOOD SPEED'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Come now, Covington County, Mississippi and Sheriff Roger Wood Speed, by and through counsel, and in response to Plaintiffs' First Amended Complaint would show unto the Court as follows:

### FIRST DEFENSE

The First Amended Complaint fails to state a cause of action upon which any relief can be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

### SECOND DEFENSE

The First Amended Complaint fails to state facts against the answering defendants which would rise to the level of a constitutional deprivation under the laws of the United States or the Constitution of the United States.

### THIRD DEFENSE

Sheriff Speed is entitled to qualified immunity in this matter. More specifically, the Plaintiffs have failed to allege and/or establish a violation of a clearly established constitutional right and at all times Sheriff Speed's conduct was objectively reasonable under the circumstances.

## FOURTH DEFENSE

The Plaintiffs have failed to allege a policy, practice or custom of Covington County which would subject it to liability under 42 U.S.C. § 1983.

## FIFTH DEFENSE

Insofar as any state law claims are concerned, answering defendants invoke the privileges and immunities of Miss. Code Ann. § 11-46-1, *et seq*.

## SIXTH DEFENSE

Answering defendants deny that they have been guilty of any actionable conduct.

## SEVENTH DEFENSE
## ADMISSIONS AND DENIALS

And now, without waiving any defenses heretofore or hereinafter set forth, answering defendants would respond to the allegations of Plaintiffs' First Amended Complaint paragraph by paragraph as follows:

## PARTIES

1. Answering defendants, upon information and belief, admit the allegations of Paragraph 1 of Plaintiffs' First Amended Complaint.

2. Answering defendants, upon information and belief, admit the allegations of Paragraph 2 of Plaintiffs' First Amended Complaint.

3. Answering defendants admit that the Jones County Sheriff's Department is a "law enforcement agency" as that term is commonly defined. Answering defendants specifically deny that the Jones County Sheriff's Department has any separate legal existence from Jones County, Mississippi. Answering defendants deny the remaining allegations of Paragraph 3 of Plaintiffs' First Amended Complaint.

4. Answering defendants admit that Jones County, Mississippi is a political subdivision that may be served with process through the Chancery Clerk of Jones County, Mississippi. Answering defendants deny the remaining allegations of Paragraph 4 of Plaintiffs' First Amended Complaint.

5. Answering defendants admit that the Covington County Sheriff's Department is a "law enforcement agency" as that term is commonly defined. Answering defendants specifically deny that the Covington County Sheriff's Department has any separate legal existence from Covington County, Mississippi. Answering defendants deny the remaining allegations of Paragraph 5 of Plaintiffs' First Amended Complaint.

6. Answering defendants admit that Covington County, Mississippi is a political subdivision that may be served with process through the Chancery Clerk of Covington County, Mississippi. Answering defendants deny the remaining allegations of Paragraph 6 of Plaintiffs' First Amended Complaint.

7. Answering defendants admit that the Jasper County Sheriff's Department is a "law enforcement agency" as that term is commonly defined. Answering defendants specifically deny that the Jasper County Sheriff's Department has any separate legal existence from Jasper County, Mississippi. Answering defendants deny the remaining allegations of Paragraph 7 of Plaintiffs' First Amended Complaint.

8. Answering defendants admit that Jasper County, Mississippi is a political subdivision that may be served with process through the Chancery Clerk of Jasper County, Mississippi. Answering defendants deny the remaining allegations of Paragraph 8 of Plaintiffs' First Amended Complaint.

9. Answering defendants, upon information and belief, admit the allegations of Paragraph 9 of Plaintiffs' First Amended Complaint.

10. Answering defendants, upon information and belief, admit the allegations of Paragraph 10 of Plaintiffs' First Amended Complaint.

11. Answering defendants, upon information and belief, admit the allegations of Paragraph 11 of Plaintiffs' First Amended Complaint.

12. Answering defendants admit that Larry Dykes is an adult resident citizen of Jones County, Mississippi and that he is Sheriff of Jones County, Mississippi. Answering defendants deny the remaining allegations of Paragraph 12 of Plaintiffs' First Amended Complaint

13. Answering defendants admit that Roger Wood Speed is an adult resident citizen of Covington County, Mississippi and that he is the Sheriff of Covington County, Mississippi. Answering defendants deny the remaining allegations of Paragraph 13 of Plaintiffs' First Amended Complaint.

14. Answering defendants admit that Kenneth Cross is an adult resident citizen of Jasper County, Mississippi and that he is the Sheriff of Jasper County, Mississippi. Answering defendants deny the remaining allegations of Paragraph 14 of Plaintiffs' First Amended Complaint.

15. Answering defendants lack information sufficient to make a determination as to whether or not Andy Dial is the current President of the Jones County Board of Supervisors and, as such, deny the same. Answering defendants deny the remaining allegations of Paragraph 15 of Plaintiffs' First Amended Complaint.

16. Answering defendants lack information sufficient to make a determination as to whether or not Curtis Gray, Sr., is the current President of the Jasper County Board of Supervisors and, as such, deny the same. Answering defendants deny the remaining allegations of Paragraph 16 of Plaintiffs' First Amended Complaint.

17. Answering defendants admit that Marson Trigg is currently the President of the Covington County Board of Supervisors. Answering defendants deny the remaining allegations of Paragraph 17 of Plaintiffs' First Amended Complaint.

18. Answering defendants admit that the Smith County Sheriff's office is a "law enforcement agency" as that term is commonly defined. Answering defendants specifically deny that the Smith County Sheriff's Department has any separate legal existence from Smith County, Mississippi. Answering defendants deny the remaining allegations of Paragraph 18 of Plaintiffs' First Amended Complaint.

19. Answering defendants admit that Smith County, Mississippi is a political subdivision that may be served with process through the Chancery Clerk of Smith County, Mississippi. Answering defendants deny the remaining allegations of Paragraph 19 of Plaintiffs' First Amended Complaint

20. Answering defendants admit that Charlie Crumpton is an adult resident citizen of Smith County, Mississippi and that he is the Sheriff of Smith County, Mississippi. Answering defendants deny the remaining allegations of Paragraph 20 of Plaintiffs' First Amended Complaint.

21. Answering defendants lack information sufficient to make a determination as to whether or not Wilson Hallman is the President of the Smith County Board of

Supervisors and, as such, deny the same. Answering defendants deny the remaining allegations of Paragraph 21 of Plaintiff's First Amended Complaint.

22. The allegations of Paragraph 22 of Plaintiffs' Amended Complaint do not require a response. To the extent a response is deemed necessary, answering defendants deny the allegations of Paragraph 22 of Plaintiffs' First Amended Complaint.

23. Answering defendants deny the allegations of Paragraph 23 of Plaintiffs' First Amended Complaint.

24. Answering defendants deny that the Covington County Sheriff's Office and Covington County Board of Supervisors have any separate legal existence from Covington County, Mississippi. Answering defendants admit that Roger Wood Speed is currently the Sheriff of Covington County, Mississippi. The remaining allegations of Paragraph 24 of Plaintiffs' First Amended Complaint concern defendants other than answering defendants and, as such, a response is not necessary. To the extent that a response is deemed necessary, answering defendants deny the remaining allegations of Paragraph 24 of Plaintiffs' First Amended Complaint.

## VENUE AND JURISDICTION

25. Answering defendants admit that this Court has jurisdiction over Plaintiffs' claims pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343. Answering defendants deny the remaining allegations of Paragraph 25 of Plaintiffs' First Amended Complaint.

## FACTUAL ALLEGATIONS

26. Answering defendants admit that Roger Williams was the commander of the Southeast Mississippi Drug Task Force on November 16, 2005. Answering defendants lack

information sufficient to make a determination as to the truth of the remaining allegations of Paragraph 26 of Plaintiffs' First Amended Complaint and, as such, deny the same.

27. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of Paragraph 27 of Plaintiffs' First Amended Complaint and, as such, deny the same.

28. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of Paragraph 28 of Plaintiffs' First Amended Complaint and, as such, deny the same.

29. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of Paragraph 29 of Plaintiffs' First Amended Complaint and, as such, deny the same.

30. Answering defendants, upon information and belief, admit that the Plaintiff was charged with possession of cocaine. Answering defendants lack information sufficient to make a determination as to the truth of the remaining allegations of Paragraph 30 of Plaintiffs' First Amended Complaint and, as such, deny the same.

31. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of Paragraph 31 of Plaintiffs' First Amended Complaint.

32. Answering defendants lack information sufficient to make a determination as to whether or not Williams, Parker and Sims were performing acts while in the "course and scope of their employment as agents of the Southeast Mississippi Drug Task Force" and, as such, deny the same. Answering defendants admit that Covington County was a member of the Southeast Mississippi Drug Task Force. Answering defendants deny the remaining allegations of Paragraph 32 of Plaintiffs' First Amended Complaint.

33. Answering defendants deny the allegations of Paragraph 33 of Plaintiffs' First Amended Complaint insofar as those allegations pertain to answering defendants.

34. Answering defendants deny the allegations of Paragraph 34 of Plaintiffs' First Amended Complaint insofar as those allegations pertain to answering defendants.

35. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of Paragraph 35 of Plaintiffs' First Amended Complaint insofar as those allegations pertain to answering defendants.

36. Answering defendants deny the allegations of Paragraph 36 of Plaintiffs' First Amended Complaint.

37. Answering defendants deny the allegations of Paragraph 37 of Plaintiffs' First Amended Complaint insofar as those allegations pertain to answering defendants.

## COUNT I – MISSISSIPPI TORT CLAIMS VIOLATIONS

38. Answering defendants repeat and incorporate by reference each and every admission, denial and defense set forth in the preceding paragraphs as if they were specifically set out herein.

39. Answering defendants deny the allegations of Paragraph 39 of Plaintiffs' First Amended Complaint insofar as those allegations pertain to answering defendants.

40. Answering defendants deny the allegations of Paragraph 40 of Plaintiffs' First Amended Complaint insofar as those allegations pertain to answering defendants.

## COUNT II – INEADEQUATE *(sic)* TRAINING, HIRING AND SUPERVISION

41. Answering defendants repeat and incorporate by reference each and every admission, denial and defense set forth in the preceding paragraphs as if they were specifically set out herein.

42. Answering defendants deny the allegations of Paragraph 42 of Plaintiffs' First Amended Complaint.

43. Answering defendants deny the allegations of Paragraph 43 of Plaintiffs' First Amended Complaint insofar as those allegations pertain to answering defendants.

44. Answering defendants deny the allegations of Paragraph 44 of Plaintiffs' First Amended Complaint insofar as those allegations pertain to answering defendants.

### COUNT III – 42 U.S.C. § 1983

45. Answering defendants repeat and incorporate by reference each and every admission, denial and defense set forth in the preceding paragraphs as if they were specifically set out herein.

46. Answering defendants deny the allegations of Paragraph 46 of Plaintiffs' First Amended Complaint insofar as those allegations pertain to answering defendants.

47. Answering defendants deny the allegations of Paragraph 47 of Plaintiffs' First Amended Complaint, including subparagraphs (A) through (E) of Paragraph 47 of Plaintiffs' First Amended Complaint insofar as those allegations pertain to answering defendants.

48. Answering defendants deny the allegations of Paragraph 48 of Plaintiffs' First Amended Complaint insofar as those allegations pertain to answering defendants.

49. Answering defendants deny the allegations of Paragraph 49 of Plaintiffs' First Amended Complaint insofar as those allegations pertain to answering defendants.

### COUNT IV – ASSAULT AND BATTERY

50. Answering defendants repeat and incorporate by reference each and every admission, denial and defense set forth in the preceding paragraphs as if they were specifically set out herein.

51. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of Paragraph 51 of Plaintiffs' First Amended Complaint and, as such, deny the same.

52. Answering defendants deny the allegations of Paragraph 52 of Plaintiffs' First Amended Complaint insofar as those allegations pertain to answering defendants.

### COUNT V – FALSE ARREST AND ILLEGAL IMPRISONMENT

53. Answering defendants repeat and incorporate by reference each and every admission, denial and defense set forth in the preceding paragraphs as if they were specifically set out herein.

54. Answering defendants deny the allegations of Paragraph 54 of Plaintiffs' First Amended Complaint insofar as those allegations pertain to answering defendants.

55. Answering defendants deny the allegations of Paragraph 50 of Plaintiffs' First Amended Complaint insofar as those allegations pertain to answering defendants.

### COUNT VI – 42 U.S.C. § 1983

56. Answering defendants repeat and incorporate by reference each and every admission, denial and defense set forth in the preceding paragraphs as if they were specifically set out herein.

57-61. The allegations of Paragraphs 57 through 61 concern a defendant other than answering defendants and, as such, a response is not necessary. To the extent a response is

deemed necessary, answering defendants deny the allegations of Paragraphs 57 through 61 of Plaintiffs' First Amended Complaint.

62. Answering defendants deny the allegations of Paragraph 62 of Plaintiffs' First Amended Complaint insofar as those allegations pertain to answering defendants.

COUNT IV *(sic)* – INFLICTION OF EMOTIONAL DISTRESS

63. Answering defendants repeat and incorporate by reference each and every admission, denial and defense set forth in the preceding paragraphs as if they were specifically set out herein.

64. Answering defendants deny the allegations of Paragraph 64 of Plaintiffs' First Amended Complaint insofar as those allegations pertain to answering defendants.

65. Answering defendants deny the allegations of Paragraph 65 of Plaintiffs' First Amended Complaint insofar as those allegations pertain to answering defendants.

COUNT V *(sic)* – NEGLIGENCE

66. Answering defendants repeat and incorporate by reference each and every admission, denial and defense set forth in the preceding paragraphs as if they were specifically set out herein.

67-68. Answering defendants deny the allegations of Paragraphs 67 through 68 of Plaintiff's First Amended Complaint insofar as those allegations pertain to answering defendants.

COUNT VI *(sic)* – PUNITIVE DAMAGES

69. Answering defendants repeat and incorporate by reference each and every admission, denial and defense set forth in the preceding paragraphs as if they were specifically set out herein.

70-71. Answering defendants deny the allegations of Paragraphs 70 through 71 of Plaintiffs' First Amended Complaint insofar as those allegations pertain to answering defendant.

72. The allegations of Paragraph 72 of Plaintiffs' First Amended Complaint do not require a response. To the extent a response is deemed necessary, answering defendants acknowledge Plaintiffs' demand for a jury trial.

As for the last unnumbered paragraph which commences "WHEREFORE, Plaintiffs Robert Dean Cooley and Blake Cooley respectfully pray…," answering defendants deny each and every allegation contained therein including subparagraphs (a) through (e) and would affirmatively aver that Plaintiffs are not entitled to any recovery whatsoever.

**EIGHTH DEFENSE**

Answering defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

**NINTH DEFENSE**

Answering defendants allege that they have met or exceeded the requirements of law and due care and that they are guilty of no acts or omissions which either caused or contributed to the incident in question.

**TENTH DEFENSE**

Answering defendants allege that Plaintiffs' claims are barred by the applicable statute of limitations, res judicata, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

**ELEVENTH DEFENSE**

Answering defendants aver that it cannot be guilty for the actions of employees

and/or agents as 42 U.S.C. § 1983 does not provide for *respondeat superior* liability.

**TWELFTH DEFENSE**

Plaintiffs are not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15 insofar as any state court claims are concerned. Additionally, answering defendants would affirmatively state that the Plaintiffs are not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a) The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to provide a limit on the amount of the award against the defendants.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i) The standard of conduct upon which punitive damages are sought is vague.

## THIRTEENTH DEFENSE

In regard to any state law claims, Sheriff Roger Wood Speed was acting within the scope and course of his employment and, therefore, cannot be sued and cannot be held liable in his individual capacity.

## FOURTEENTH DEFENSE

Answering defendants reserve the right to add additional defenses as same become known during the course of discovery of this cause.

And now, having answered the Complaint filed against them, answering defendants, respectfully request that the same be dismissed and it be discharged with costs assessed against the Plaintiffs.

Respectfully submitted,

COVINGTON COUNTY, MISSISSIPPI
and SHERIFF ROGER WOOD SPEED

BY: s/ William R. Allen
     Their Attorneys

ROBERT O. ALLEN (MSB #1525)
WILLIAM R. ALLEN (MSB #100541)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602-0751
Tel. (601) 833-4361
Fax (601) 833-6647

## CERTIFICATE

I, the undersigned, of Allen, Allen, Breeland & Allen, PLLC, attorneys of record for answering defendants, hereby certify that I have this day electronically filed the above and foregoing Answer of Covington County, Mississippi, and Sheriff Roger Wood Speed to Plaintiffs' First Amended Complaint via the ECF system which gave notification of such filing to the following counsel of record:

>Pamela L. Huddleston, Esq.
>Pamela@huddlestonlawfirm.com
>*Attorney for Plaintiffs*


>William Bienville Skipper, Esq.
>bskipper@danielcoker.com

This the 8th day of December, 2006.

>s/ William R. Allen
>OF COUNSEL