ROBERT DEAN COOLEY and
BLAKE DALTON COOLEY, a minor,
By and through Robert Dean Cooley,
his father and next friend                                             **PLAINTIFFS**

vs.                                                    **CA No.: 2:06cv251 KS-MTP**

JONES COUNTY, MISSISSIPPI; THE JONES COUNTY SHERIFF'S
OFFICE; SHERIFF T. LARRY DYKES, in his official capacity as the
Sheriff of Jones County, and individually; THE JONES COUNTY
BOARD OF SUPERVISORS; RANDALL KEITH PARKER in his official
capacity as a former agent of the Southeast Mississippi Drug Task Force
and individually; JASON SCOTT SIMS in his official capacity as a
former agent of the Southeast Mississippi Drug Task Force and
individually; ROGER WILLIAMS in his official capacity as a former
agent of the Southeast Mississippi Drug Task Force and individually;
COVINGTON COUNTY, MISSISSIPPI; THE COVINGTON COUNTY
SHERIFF'S OFFICE; SHERIFF ROGER WOOD SPEED in his official
capacity as the Sheriff of Covington County and individually; THE
COVINGTON COUNTY BOARD OF SUPERVISORS; JASPER
COUNTY, MISSISSIPPI; THE JASPER COUNTY SHERIFF'S OFFICE;
SHERIFF KENNETH CROSS in his official capacity as the Sheriff of
Jasper County and individually; THE JASPER COUNTY BOARD OF
SUPERVISORS; SMITH COUNTY, MISSISSIPPI; THE SMITH
COUNTY SHERIFF'S OFFICE; SHERIFF CHARLIE CRUMPTON, in his
official capacity as the Sheriff of Smith County and individually; THE
SMITH COUNTY BOARD OF SUPERVISORS; and JOHN DOES 1-15
                                                                      **DEFENDANTS**

### SHERIFF ROGER WOOD SPEED'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION TO COMPEL RULE 7(a) REPLY TO QUALIFIED IMMUNITY DEFENSE

Comes now, Sheriff Roger Wood Speed, by and through counsel, and files this

Memorandum of Authorities in Support of Motion to Compel Rule 7(a) Reply to

Qualified Immunity Defense as follows:

## INTRODUCTION

On November 9, 2006, Plaintiffs filed a civil rights action pursuant to 42 U.S.C. § 1983 against, among others, Covington County Sheriff Roger Wood Speed. See, *CM/ECF Doc. No. 1.* Plaintiffs' Complaint purports to assert causes of action against Sheriff Speed in both his "official" and "individual" capacity. *Id.*

On November 30, 2006, Plaintiffs filed an Amended Complaint which is identical to their Complaint except that it names additional defendants. See, *CM/ECF Doc. No. 6.*

On December 8, 2006, Sheriff Roger Wood Speed answered Plaintiffs' Amended Complaint and specifically asserted qualified immunity as an affirmative defense. See, *CM/ECF Doc. No. 8.*

As explained hereinbelow, the Fifth Circuit has long applied a "heightened pleading standard" to claims asserted against public officials in their individual capacities under Section 1983. *Elliot v. Perez*, 751 F.2d 1472 (5th Cir. 1985). Plaintiffs' Amended Complaint is clearly deficient under this standard and, as such, this Court should compel Plaintiff to file a Fed. R. Civ. P. 7 Reply to Sheriff Speed's qualified immunity defense.

## FACTUAL BACKGROUND

Plaintiffs' Amended Complaint contends that on or about November 16, 2005, Plaintiff Robert Dean Cooley was instructed to meet a white female civilian named Crystal Bunch at the Mt. Vernon Methodist Church. *Id.* at ¶ 26. Plaintiffs contend that the church was within walking distance from their home and that Robert Cooley did in fact go to the church to meet Ms. Bunch. *Id.* at ¶ 26-27. Plaintiffs assert that when

Robert Cooley arrived, Randall Parker, a then-agent of the Southeast Mississippi Drug Task Force, emerged from behind the church, yelled "Sheriff's Department," and ordered him to get on the ground. *Id.* at ¶ 27. Plaintiffs assert that Parker then instructed Southeast Mississippi Drug Task Force agent Scott Sims to "pick up whatever Cooley had dropped." *Id.* at ¶ 27. Plaintiffs contend that Cooley was then handcuffed. *Id.* at ¶ 27.

Next, Plaintiffs assert that Southeast Mississippi Drug Task Force Commander Roger Williams pulled up in Williams' "County car." *Id.* at ¶ 27. Williams allegedly walked to the back of his car, opened the trunk and took out a stick or wooden object with which he proceeded to hit Plaintiff Robert Cooley approximately 50 to 60 times. *Id.* at ¶ 28. Plaintiffs contend that Parker then pulled Cooley up and told him that "this will teach you to do what we want." *Id.* at ¶ 29.

Plaintiffs allege that Robert Cooley's son, Blake Dalton Cooley, witnessed all of the events described above. *Id.* at ¶ 26.

Next, Plaintiffs contend that Robert Cooley was transported to the Jones County Jail where he was incarcerated. *Id.* at ¶ 29. Significantly, Plaintiffs do not allege that Sheriff Speed was present at the scene of the incident much less that he took part in the alleged assault and/or transport.

**ARGUMENT**

Law enforcement officials, "like other public officials acting within the scope of their official duties, are shielded from claims of civil liability, including Section 1983 claims, by qualified immunity." *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 753 (5th

Cir. 2001). The purpose of qualified immunity is to protect public officials from the "burden of fighting lawsuits which arise from the good-faith performance of their duties." *Wren v. Towe,* 130 F.3d 1154, 1159 (5th Cir. 1997). Thus, qualified immunity "is not just immunity from judgment, but rather, is immunity from all aspects of suit." *Jacques v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986). The qualified immunity issues in a case are "threshold" issues and must be dealt with as expeditiously as possible and prior to resolving non-immunity issues. See, *Harlow v. Fitzgerald*, 102 S.Ct. 2727, 2728 (1982); See also, Rule 16.1(B)(4), *Uniform Local Rules of the United States District Court for the Northern and Southern Districts of Mississippi.*

A.    The "heightened pleading standard."

To fulfill the protective purpose of qualified immunity, the Fifth Circuit has long required more than mere notice pleadings when a plaintiff asserts a Section 1983 claim against an officer in his individual capacity. *Elliott v. Perez,* 751 F.2d 1472 (5th Cir. 1985). More specifically, when a governmental official sued in his official capacity raises a claim for qualified immunity, a plaintiff's complaint "must present more than bald allegations and conclusory statements." *Wicks v. Mississippi State Employment Svcs*., 41 F.3d 991, 995 (5th Cir. 1995). In fact, a plaintiff must "allege with sufficient particularity all facts establishing a right to recovery, including facts which negate the official's immunity defense." *Wicks*, 41 F.3d at 995. See also, *Nunez v. Simms*, 341 F.3d 385 (5th Cir. 2003)(holding that heightened pleading in qualified immunity cases requires plaintiffs rest complaint on more than conclusions alone); *Foster v. City of Lake Jackson*, 28 F.3d 425 (5th Cir. 1994)(burden of negating qualified immunity defense lies with plaintiff).

Although the Fifth Circuit previously required a plaintiff anticipate a qualified immunity defense, in *Schultea v. Wood,* 47 F.3d 1427 (5th Cir. 1985), the Court altered this standard. More specifically, prior to *Schultea,* courts in the Fifth Circuit dismissed Section 1983 suits in which a plaintiff failed to anticipate a defendant's qualified immunity defense and plead facts sufficient to negate the same in his initial complaint. The *Schultea* Court, however, held that, ordinarily, a plaintiff's suit should no longer be dismissed simply due to a failure to anticipate a qualified immunity defense. To the contrary, plaintiffs should, ordinarily, be provided an opportunity to "engage the qualified immunity defense." *Schultea,* 47 F.3d at 1430. The vehicle which the *Schultea* Court suggested for fulfilling this "opportunity" is the Rule 7(a) Reply. *Id.* at 1433. Simply put, the *Schultea* Court held that when a defendant asserts the affirmative defense of qualified immunity in his answer, a Court should, ordinarily, not simply dismiss the case but rather order that the plaintiff reply to the immunity defense pursuant to Fed. R. Civ. P. 7(a). *Id.* at 1433.

B.      **Application to this case.**

It is well settled that "individual liability under Section 1983 may not be predicated on the doctrine of *respondeat superior,*" and that "[o]nly the **direct acts** or **omissions** of government officials…will give rise to individual liability under Section 1983." *Coleman v. Houston Indep. Sch. Dist.,* 113 F.3d 528, 534 (5th Cir. 1997)(emphasis added), citing *Doe v. Taylor Indep. Sch. Dist.,* 15 F.3d 443, 452 (5th Cir. 1994). If an officer is directly involved in an alleged constitutional violation, the plaintiff must further provide evidence sufficient to establish that he has (1) suffered a violation of a clearly

established right and that (2) the official's conduct was objectively unreasonable under the circumstances. See, *Anderson v. Creighton,* 483 U.S. 635, 640 (1987); *Mangieri v. Clifton,* 29 F.3d 1012 (5th Cir. 1994);.

Plaintiffs' Amended Complaint fails to provide a single allegation describing how Sheriff Roger Wood Speed participated in any alleged unconstitutional conduct. In fact, there is not a single allegation in the Amended Complaint which specifically references Speed other than to identify him as a defendant. Furthermore, even were the Plaintiffs to have provided allegations of direct participation, the Plaintiffs have failed to provide any allegations that Speed's conduct caused Plaintiffs to suffer the deprivation of a clearly established constitutional right and that his conduct was objectively unreasonable under the circumstances.

Due to Plaintiffs' complete lack of allegations as to Sheriff Speed's direct participation in any alleged unconstitutional conduct as well as Plaintiffs' failure to provide allegations negating Speed's qualified immunity defense, Plaintiffs' Amended Complaint fails to meet the "heightened pleading standard" and necessitates that this Court order the Plaintiffs to file a Rule 7(a) Reply. Sheriff Speed would request that this Court order the Plaintiffs to provide specific factual allegations detailing how Sheriff Speed participated in any alleged unconstitutional conduct, how his alleged conduct resulted in the violation of a clearly established constitutional right and how he acted objectively unreasonable under the circumstances.

In light of the fact that the Plaintiffs should have had this information available upon filing the original Complaint as well as their Amended Complaint, Sheriff Speed

requests that this Court allow ten (10) days for Plaintiffs to furnish this reply or risk dismissal.

WHEREFORE, PREMISES CONSIDERED, Sheriff Roger Wood Speed respectfully requests this Court order the Plaintiffs to file a Rule 7(a) Reply to his qualified immunity defense within ten (10) days or risk dismissal of their claims against him in his individual capacity.

Respectfully submitted,

SHERIFF ROGER WOOD SPEED

BY: s/ William R. Allen
   Robert O. Allen
   William R. Allen
   His Attorneys

ROBERT O. ALLEN (MSB #1525)
WILLIAM R. ALLEN (MSB #100541)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602-0751
Tel. (601) 833-4361
Fax (601) 833-6647

<u>CERTIFICATE</u>

I, the undersigned, of Allen, Allen, Breeland & Allen, PLLC, attorneys of record for Covington County Sheriff Roger Wood Speed, hereby certify that I have this day electronically filed the above and foregoing Memorandum of Authorities in Support of Sheriff Roger Wood Speed's Motion to Compel Rule 7(a) Reply to Qualified Immunity Defense on behalf of Sheriff Speed via the ECF system which gave notification of such filing to the following counsel of record:

> Pamela L. Huddleston, Esq.
> Pamela@huddlestonlawfirm.com
> *Attorney for Plaintiffs*
>
> William Bienville Skipper, Esq.
> bskipper@danielcoker.com
>
> John B. Clark, Esq.
> jclark@danielcoker.com
>
> Grover Clark Monroe, Esq.
> gcmonroe@dunbarmonroe.com

This the 20th day of December, 2006.

> s/ William R. Allen
> OF COUNSEL