IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ROBERT DEAN COOLEY AND
BLAKE DALTON COOLEY, a minor,
by and through ROBERT DEAN COOLEY, his
father and next friend                                                                                           PLAINTIFFS

VS.                                           CAUSE NO. 2:06cv251KS-MTP

JONES COUNTY, MISSISSIPPI, ET AL.                          DEFENDANTS

**SEPARATE ANSWER AND DEFENSES OF
JONES COUNTY, MISSISSIPPI, JONES COUNTY SHERIFF'S OFFICE,
JONES COUNTY BOARD OF SUPERVISORS AND SHERIFF LARRY DYKES**

COME NOW Defendants Jones County, Mississippi, Jones County Sheriff's Office, Jones County Board of Supervisors and Sheriff Larry Dykes, (hereinafter "these Defendants"), by and through counsel, and in response to Plaintiffs' First Amended Complaint would show unto the Court as follows:

**FIRST DEFENSE**

The First Amended Complaint fails to state a cause of action upon which relief can be granted because the First Amended Complaint fails to state facts against these Defendants which rise to the level of constitutional deprivations under the laws or Constitution of the United States. Therefore, the same should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**SECOND DEFENSE**

Plaintiffs have failed to allege and/or establish a violation of clearly established constitutional rights, and at all times Sheriff Dykes' conduct was objectively reasonable under the circumstances. Therefore, Sheriff Larry Dykes is entitled to be dismissed from this matter on the basis of qualified immunity.

## THIRD DEFENSE

With regard to any state law claims, Sheriff Larry Dykes was acting within the course and scope of his employment and, therefore, cannot be sued and cannot be held liable in his individual capacity.

## FOURTH DEFENSE

The "Jones County Sheriff's Office" is not a legal entity nor a governmental agency, and has no legal existence. The "Jones County Sheriff's Office" should therefore be dismissed.

## FIFTH DEFENSE

The Jones County Board of Supervisors has no legal existence apart from Jones County, Mississippi. The Jones County Board of Supervisors should therefore be dismissed.

## SIXTH DEFENSE

Plaintiffs have failed to allege a policy, practice or custom of Jones County, Mississippi, sufficient to subject it to liability under 42 U.S.C. § 1983.

## SEVENTH DEFENSE

These Defendants cannot be guilty for actions of employees and/or agents as 42 U.S.C. § 1983 does not provide for *respondeat superior* liability.

## EIGHTH DEFENSE

These Defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity, including but not limited to all privileges, immunities and defenses provided them under Miss. Code. Ann. § 11-46-1, *et seq.*, as to any and all state law claims asserted by the First Amended Complaint, including but not limited to § 11-46-9(1)(c) and (d), and § 11-46-15.

## NINTH DEFENSE

Plaintiffs are not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15 insofar as any state court claims are concerned. Additionally, answering defendants would affirmatively state that the Plaintiffs are not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, including but not necessarily limited to the following separate and several grounds:

(a)     The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b)     The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c)     The procedures fail to provide a limit on the amount of the award against the defendants.

(d)     The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e)     The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f)     The procedures permit multiple awards of punitive damages for the same alleged act.

(g)     The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(j) The standard of conduct upon which punitive damages are sought is vague.

## TENTH DEFENSE

These Defendants reserve the right to add additional defenses as same become known during the course of discovery of this cause.

## ELEVENTH DEFENSE

## ANSWER

AND NOW, without waiving any of the foregoing defenses, these Defendants respond to the allegations of Plaintiffs' First Amended Complaint paragraph by paragraph as follows:

1. These Defendants do not have sufficient information to allow them to admit the allegations of paragraph 1 of the Amended Complaint and, accordingly, deny the same.

2. These Defendants do not have sufficient information to allow them to admit the allegations of paragraph 2 of the Amended Complaint and, accordingly, deny the same.

3. These Defendants deny that the Jones County Sheriff's Office is a " governmental law enforcement agency." These Defendants deny that the Jones County Sheriff's Office has any separate legal existence apart from Jones County, Mississippi. All remaining allegations of paragraph 3 of the First Amended Complaint not specifically admitted are denied.

4. Admitted.

5. The allegations of paragraph 5 do not pertain to these Defendants and no response thereto is required. To the extent the allegations of paragraph 5 require a response from these Defendants, the same are denied.

6. The allegations of paragraph 6 are admitted.

7. The allegations of paragraph 7 do not pertain to these Defendants and no response thereto is required. To the extent the allegations of paragraph 7 require a response from these Defendants, the same are denied.

8. The allegations of paragraph 8 are admitted.

9. These Defendants admit the allegations of paragraph 9 of the First Amended Complaint upon information and belief.

10. These Defendants admit the allegations of paragraph 10 of the First Amended Complaint upon information and belief.

11. These Defendants admit the allegations of paragraph 11 of the First Amended Complaint upon information and belief.

12. The allegations of paragraph 12 are admitted.

13. These Defendants admit the allegations of paragraph 13 of the First Amended Complaint upon information and belief.

14. These Defendants admit the allegations of paragraph 14 of the First Amended Complaint upon information and belief.

15. These Defendants admit the allegations of paragraph 15.

16. The allegations of paragraph 16 are admitted.

17. The allegations of paragraph 17 are admitted.

18. The allegations of paragraph 18 do not pertain to these Defendants and no response thereto is required. To the extent the allegations of paragraph 18 require a response from these Defendants, the same are denied.

19. The allegations of paragraph 19 are admitted.

20. The allegations of paragraph 20 are admitted.

21. The allegations of paragraph 21 are admitted.

22. The allegations of paragraph 22 do not require a response.

23. Denied.

24. These Defendants deny that the Jones County Sheriff's County Office and Jones County Board of Supervisors have any separate legal existence apart from Jones County, Mississippi. These Defendants admit that Larry Dykes is Sheriff of Jones County, Mississippi. The remaining allegations of paragraph 24 of Plaintiffs' First Amended Complaint concern defendants other than these answering Defendants, and no response thereto is required. To the extent that a response is deemed necessary, these Defendants deny the remaining allegations of paragraph 24.

## VENUE AND JURISDICTION

25. These Defendants admit that this Court has jurisdiction over Plaintiffs' claims pursuant to 42 U.S.C § 1983 and 28 U.S.C. §§ 1331 and 1343; admit that this court has pendant jurisdiction to hear state law claims; and admit that plaintiff has given proper notice pursuant to the Mississippi Tort Claims Act. These Defendants deny the remaining allegations of paragraph 25.

## FACTUAL ALLEGATIONS

26. These Defendants admit that Roger Williams was the commander of the Southeast Mississippi Drug Task Force on November 16, 2005. These Defendants lack sufficient

information to make a determination as to the truth of the remaining allegations of paragraph 26 and, accordingly, deny the same.

27. These Defendants lack sufficient information to make a determination as to the truth of the allegations of paragraph 27 and, accordingly, deny the same.

28. These Defendants lack sufficient information to make a determination as to the truth of the allegations of paragraph 28 and, accordingly, deny the same.

29. These Defendants lack sufficient information to make a determination as to the truth of the allegations of paragraph 29 and, accordingly, deny the same.

30. Upon information and belief, these Defendants admit Plaintiff was charged with possession of cocaine, and was incarcerated in the Jones County jail for approximately the time period alleged. These Defendants lack information sufficient to make a determination as to the truth of the remaining allegations of paragraph 30 and, according deny the same.

31. These Defendants lack sufficient information to make a determination as to the truth of the allegations of paragraph 31 and, accordingly, deny the same.

32. These Defendants lack information sufficient to determine whether or not Defendants Williams, Parker and Sims were performing acts while in the course and scope of their employment as agents of the Southeast Mississippi Drug Task Force and, accordingly, deny the same. These Defendants admit that Jones County, Mississippi was a member of the Southeast Mississippi Drug Task Force. The remaining allegations of paragraph 32 of Plaintiffs' Amended Complaint are denied.

33. Denied.

34. Denied.

35. If defendants Williams, Parker and Sims committed the acts alleged in the amended complaint, the allegations of paragraph 35 are denied.

36. Denied.

37. Denied.

### COUNT I- MISSISSIPPI TORT CLAIMS VIOLATIONS

38. These Defendants reassert and incorporate herein by reference each and every admission, denial and defense set forth in the preceding paragraphs.

39. Denied.

40. Denied.

### COUNT II- INEADEQUATE (*sic*) TRAINING, HIRING AND SUPERVISION

41. These Defendants reassert and incorporate herein by reference each and every admission, denial and defense set forth in the preceding paragraphs.

42. Denied.

43. Denied.

44. Denied.

### COUNT III - 42 U.S.C. § 1983

45. These Defendants reassert and incorporate herein by reference each and every admission, denial and defense set forth in the preceding paragraphs.

46. Denied.

47. The allegations of paragraph 47 including any and all allegations of any subparagraphs thereof are denied.

48. Denied.

49. Denied.

## COUNT IV - ASSAULT AND BATTERY

50. These Defendants reassert and incorporate herein by reference each and every admission, denial and defense set forth in the preceding paragraphs.

51. These Defendants lack sufficient information to make a determination as to the truth of the allegations of paragraph 51 and, according, deny the same.

52. Denied.

## COUNT V - FALSE ARREST AND ILLEGAL IMPRISONMENT

53. These Defendants reassert and incorporate herein by reference each and every admission, denial and defense set forth in the preceding paragraphs.

54. These Defendants lack sufficient information to make a determination as to the truth of the allegations of paragraph 54 as to defendants Williams, Parker and Sims. To the extent that the allegations of paragraph 54 are meant to refer to these Defendants, the same are denied.

55. Denied.

## COUNT VI - 42 U.S.C. § 1983

56. These Defendants reassert and incorporate herein by reference each and every admission, denial and defense set forth in the preceding paragraphs.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

## COUNT IV (sic) - INFLICTION OF EMOTIONAL DISTRESS

63. These Defendants reassert and incorporate herein by reference each and every admission, denial and defense set forth in the preceding paragraphs.

64. Denied

65. Denied.

## COUNT V (sic) - NEGLIGENCE

66. These Defendants reassert and incorporate herein by reference each and every admission, denial and defense set forth in the preceding paragraphs.

67. Denied.

68. Denied.

## COUNT VI (sic) - PUNITIVE DAMAGES

69. These Defendants reassert and incorporate herein by reference each and every admission, denial and defense set forth in the preceding paragraphs.

70. Denied.

71. Denied.

72. These Defendants admit that Plaintiffs demand a jury trial. These Defendants deny that Plaintiffs are entitled to a jury trial as to Plaintiffs' state law claims pursuant to Miss. Code Ann. § 11-46-13(1) (1972, as amended).

Each allegation of the Amended Complaint not specifically admitted is denied.

Answering as to the last unnumbered paragraph beginning "WHEREFORE," these Defendants deny each and every allegation contained therein, including any and all subparagraphs

thereof, and would affirmatively aver that Plaintiffs are not entitled to any recover in any amount whatsoever.

AND NOW, having answered the First Amended Complaint filed herein and against them, these Defendants respectfully request the same be dismissed and that they be discharged with costs assessed to Plaintiffs.

>Respectfully submitted,
>
>JONES COUNTY, MISSISSIPPI, JONES COUNTY SHERIFF'S OFFICE, JONES COUNTY BOARD OF SUPERVISORS AND SHERIFF LARRY DYKES
>
>BY:  s/ John B. Clark
>
>OF COUNSEL

M. WAYNE THOMPSON - BAR # 10128
WILLIAMSON & THOMPSON, PLLC
P.O. BOX 6509
LAUREL, MS  39441
TELEPHONE: (601) 426-0056
FACSIMILE: (601) 426-0058

JOHN B. CLARK - BAR # 6263
W. BIENVILLE SKIPPER - BAR # 100100
DANIEL COKER HORTON AND BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE: (601) 969-7607
FACSIMILE: (601) 969-1116

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to Pamela Lynn

Huddleston, Esq., William Robert Allen, Esq., Andrew G. McCullough, Esq., G. Clark Monroe, II, Esq., H. Wesley Williams, III, Esq., and J. L. Wilson, IV, Esq.

                                                        s/ John B. Clark

4856-115527shw