IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ROBERT DEAN COOLEY and
BLAKE DALTON COOLEY, a minor,
By and Through Robert Dean Cooley,
hi father and next friend                                                              PLAINTIFFS

vs.                                                                                                  CA No.: 2:06cv251 KS-MTP

JONES COUNTY, MISSISSIPPI, ET AL                                  DEFENDANTS

### ANSWER AND AFFIRMATIVE DEFENSES OF ROGER WILLIAMS

Defendant Roger Williams (hereinafter "Williams"), both individually and in his official capacity as former agent of the Southeast Mississippi Drug Task Force, files this his Answer and Affirmative Defenses to the First Amended Complaint filed herein by Robert Dean Cooley and Blake Dalton Cooley (hereinafter "Plaintiffs") as follows:

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief may be granted, as it fails to plead facts against Williams which rise to the level of Constitutional deprivations, and, therefore, this action should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

Williams adopts and incorporates the provisions of §85-5-7 of the Mississippi Code of 1972, as amended, regarding allocation of fault, if applicable.

## THIRD AFFIRMATIVE DEFENSE

Williams possesses immunity or qualified immunity herein from suit and/or liability and/or damages.

## FOURTH AFFIRMATIVE DEFENSE

Williams affirmatively asserts any and all substantive and procedural defenses available to him under §11-46-1, et seq., of the Mississippi Code of 1972, specifically including, but not limited to, §§ 11-46-7, 11-46-9, 11-46-11, 11-46-13, and 11-46-17. Included in these defenses are Williams's right to a non-jury trial by the Court on all issues, which is hereby prayed for. To the extent that Plaintiffs' First Amended Complaint, or any subsequently filed pleading, may seek a trial by jury on state law claims, Williams moves the Court to strike any such jury demand on the basis that the same is prohibited by the aforesaid statutes.

## FIFTH AFFIRMATIVE DEFENSE

Williams did not breach any duty owed to the Plaintiffs, nor did he violate any right or privilege of either Plaintiff, and is therefore not liable for any alleged damages incurred by the Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

Williams asserts the exemptions from liability found in Miss. Code Ann. § 11-46-9(a), (b), (d), (e), (f), (h), and all other exemptions that may be available at law.

## SEVENTH AFFIRMATIVE DEFENSE

Williams hereby specifically pleads that if any of the allegations of the First Amended Complaint are true, Plaintiffs are or may be guilty of either contributory negligence or affirmative conduct in connection with the events about which they complain. To the extent that any of the

events that form the subject matter of the Plaintiffs' First Amended Complaint and Plaintiffs' alleged damages were caused by the actions or omissions of the Plaintiffs, any recovery awarded to the Plaintiffs must be reduced according to the principle of contributory negligence.

**EIGHTH AFFIRMATIVE DEFENSE**

Williams asserts all limitations of liability found in Miss. Code Ann. § 11-46-15.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to allege and/or establish a violation of Constitutional rights, and at all times Williams acted objectively reasonable under the circumstances. Therefore, Williams should be dismissed from this action based upon qualified immunity.

**TENTH AFFIRMATIVE DEFENSE**

The damages sustained by Plaintiffs, if any, are the result of a superceding or intervening cause.

**ELEVENTH AFFIRMATIVE DEFENSE**

Although Williams denies that Plaintiffs are entitled to any judgment against him, the imposition of any punitive damages against him must comport with the provisions of §11-46-1, et seq., of the Mississippi Code of 1972, specifically including, but not limited to, § 11-46-15.

**TWELFTH AFFIRMATIVE DEFENSE**

Although Williams denies that Plaintiffs are entitled to any judgment against him, the imposition of any punitive damages is prohibited by law. Miss. Code Ann. § 11-46-15.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Williams pleads the applicable provisions of section 11-1-65 of the Mississippi Code of 1972, as amended, in response to the Plaintiffs' punitive damage claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

Although Williams denies that Plaintiff is entitled to any judgment against him, the imposition of any punitive damages would violate the Constitution of the United States of America, including the Fourteenth Amendment thereof, and would also violate the provisions of the Mississippi Constitution, including Section Twenty-Eight thereof. Further, an award of punitive damages would amount to a deprivation of property without due process, in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Section Fourteen of the Mississippi Constitution. The criteria used to determine whether, and in what amount, punitive damages may be awarded are impermissibly vague, imprecise, inconsistent and are, therefore, in violation of the United States and Mississippi Constitutions.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Williams under the due process clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the due process clause of Article III, Section 14 of the Constitution of the State of Mississippi, in that punitive damages and any method of which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to Williams under the Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States of America and/or under Article III, Sections 14 and 26 of the Constitution of the State of Mississippi, in that punitive damages are penal in nature and, consequently, Williams is entitled to the same procedural and substantive safeguards afforded to criminal defendants.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Williams avers that it would violate the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America and/or Article III, Section 26 of the Constitution of the State of Mississippi, to impose punitive damages against him, which are penal in nature, yet compel Williams to disclose potentially incriminating documents and evidence.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

It is a violation of the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Mississippi to impose punitive damages against Williams which are penal in nature by requiring a burden of proof of the Plaintiffs which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

**NINETEENTH AFFIRMATIVE DEFENSE**

Williams avers that any award of punitive damages to the Plaintiffs in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article III, Section 28 of the Constitution of the State of Mississippi, in that said punitive damages would be an imposition of an excessive fine.

**TWENTIETH AFFIRMATIVE DEFENSE**

It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article III, Section 14 of the Mississippi State Constitution in that:

(1) Said damages are intended to punish and deter Williams and thus this proceeding is essentially criminal in nature;

(2) Williams is being compelled to be a witness against himself in a proceeding

essentially and effectively criminal in nature, in violation of Williams's right to due process;

(3)     The Plaintiffs' burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and this violates Williams's right to due process;

(4)     That inasmuch as this proceeding is essentially and effectively criminal in nature, Williams is being denied the requirement of notice of the elements of the offense and the law and the authorities authorizing punitive damages are sufficiently vague and ambiguous so as to be in violation of the due process clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article III, Section 14 of the Constitution of the State of Mississippi.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages cannot be sustained because an award of punitive damages as sought by the Plaintiffs under Mississippi law is subject to no absolute predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that a jury may impose and would violate the due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by due process provisions of the Mississippi Constitution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Williams would show that the Plaintiffs' claim for punitive damages does not conform with the standards set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Cooper Industries v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001)*, BMW v. Gore*, 514 U.S. 559 (1996) and *MIC Life Ins. Co., et al v. Hicks*, 1998-CT-01217-SCT Mississippi Supreme

Court (en banc) (July 25, 2002). Williams asserts all rights and defenses prescribed in these cases and their progeny, including but not limited to his right to a *de novo* review of any award of punitive damages that might be rendered in this matter.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

With regard to any state law claims, Williams was acting within the course and scope of his employment and, therefore, cannot be sued or held liable in his individual capacity.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs fail to allege a policy, practice or custom sufficient to subject Williams to liability under 42 U.S.C. § 1983.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Williams pleads all affirmative defenses available to him under FRCP 8(c), to the extent that each may be applicable, including accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

If the Plaintiffs reach a settlement regarding any of the alleged injuries or damages with any person or entity who may be liable in whole or in part for Plaintiffs' alleged injuries or damage, then Williams is entitled to a credit and/or offset.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs' expenses or other damages allegedly resulting from the incidents identified in the First Amended Complaint may have been paid by Williams, on behalf of Williams, or by other parties which are claimed to have been responsible for Plaintiffs' damages, Plaintiffs

have been fully compensated for any injury or damage incurred or caused by the incident alleged in the First Amended Complaint, and Williams would be entitled to an offset in the amount of all advance payments made against any judgment that may be rendered against him, and Williams pleads the defense of credit and/or payment.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed to the extent they are barred by the applicable statutes of limitations.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Williams affirmatively pleads lack of jurisdiction over the person, improper venue, insufficiency of service of process, insufficiency of service of process.

### THIRTIETH AFFIRMATIVE DEFENSE

Williams hereby gives notice that he intends to rely upon such other and further defenses which may be available or become apparent during discovery in this civil action and reserves the right to amend his answer to assert any such defenses.

### ANSWER

Now having asserted his Affirmative Defenses, Williams answers the First Amended Complaint, paragraph by paragraph, as follows:

### PARTIES:

1. Williams is without sufficient information to admit the allegations of Paragraph 1 of the First Amended Complaint and therefore denies the same.

2. Williams is without sufficient information to admit the allegations of Paragraph 2 of the First Amended Complaint and therefore denies the same.

3. The allegations of Paragraph 3 of the First Amended Complaint do not pertain to Williams and no response is required. However, to the extent that Paragraph 3 attempts to impose

liability upon Williams, or a response is otherwise required of Williams, it is denied.

4. The allegations of Paragraph 4 of the First Amended Complaint do not pertain to Williams and no response is required. However, to the extent that Paragraph 4 attempts to impose liability upon Williams, or a response is otherwise required of Williams, it is denied.

5. The allegations of Paragraph 5 of the First Amended Complaint do not pertain to Williams and no response is required. However, to the extent that Paragraph 5 attempts to impose liability upon Williams, or a response is otherwise required of Williams, it is denied.

6. The allegations of Paragraph 6 of the First Amended Complaint do not pertain to Williams and no response is required. However, to the extent that Paragraph 6 attempts to impose liability upon Williams, or a response is otherwise required of Williams, it is denied.

7. The allegations of Paragraph 7 of the First Amended Complaint do not pertain to Williams and no response is required. However, to the extent that Paragraph 7 attempts to impose liability upon Williams, or a response is otherwise required of Williams, it is denied.

8. The allegations of Paragraph 8 of the First Amended Complaint do not pertain to Williams and no response is required. However, to the extent that Paragraph 8 attempts to impose liability upon Williams, or a response is otherwise required of Williams, it is denied.

9. The allegations of Paragraph 9 of the First Amended Complaint do not pertain to Williams and no response is required. However, to the extent that Paragraph 9 attempts to impose liability upon Williams, or a response is otherwise required of Williams, it is denied.

10. The allegations of Paragraph 10 of the First Amended Complaint do not pertain to Williams and no response is required. However, to the extent that Paragraph 10 attempts to impose liability upon Williams, or a response is otherwise required of Williams, it is denied.

11. Williams admits only that he is an adult resident citizen of Jones County, Mississippi. The remaining allegations and averments of Paragraph 11 are denied.

12. The allegations of Paragraph 12 of the First Amended Complaint do not pertain to Williams and no response is required. However, to the extent that Paragraph 12 attempts to impose liability upon Williams, or a response is otherwise required of Williams, it is denied.

13. The allegations of Paragraph 13 of the First Amended Complaint do not pertain to Williams and no response is required. However, to the extent that Paragraph 13 attempts to impose liability upon Williams, or a response is otherwise required of Williams, it is denied.

14. The allegations of Paragraph 14 of the First Amended Complaint do not pertain to Williams and no response is required. However, to the extent that Paragraph 14 attempts to impose liability upon Williams, or a response is otherwise required of Williams, it is denied.

15. The allegations of Paragraph 15 of the First Amended Complaint do not pertain to Williams and no response is required. However, to the extent that Paragraph 15 attempts to impose liability upon Williams, or a response is otherwise required of Williams, it is denied.

16. The allegations of Paragraph 16 of the First Amended Complaint do not pertain to Williams and no response is required. However, to the extent that Paragraph 16 attempts to impose liability upon Williams, or a response is otherwise required of Williams, it is denied.

17. The allegations of Paragraph 17 of the First Amended Complaint do not pertain to Williams and no response is required. However, to the extent that Paragraph 17 attempts to impose liability upon Williams, or a response is otherwise required of Williams, it is denied.

18. The allegations of Paragraph 18 of the First Amended Complaint do not pertain to Williams and no response is required. However, to the extent that Paragraph 18 attempts to impose liability upon Williams, or a response is otherwise required of Williams, it is denied.

19. The allegations of Paragraph 19 of the First Amended Complaint do not pertain to Williams and no response is required. However, to the extent that Paragraph 19 attempts to impose

liability upon Williams, or a response is otherwise required of Williams, it is denied.

20. The allegations of Paragraph 20 of the First Amended Complaint do not pertain to Williams and no response is required. However, to the extent that Paragraph 20 attempts to impose liability upon Williams, or a response is otherwise required of Williams, it is denied.

21. The allegations of Paragraph 21 of the First Amended Complaint do not pertain to Williams and no response is required. However, to the extent that Paragraph 21 attempts to impose liability upon Williams, or a response is otherwise required of Williams, it is denied.

22. The allegations of Paragraph 22 of the First Amended Complaint do not pertain to Williams and no response is required. However, to the extent that Paragraph 22 attempts to impose liability upon Williams, or a response is otherwise required of Williams, it is denied.

23. The allegations of Paragraph 23 of the First Amended Complaint do not pertain to Williams and no response is required. However, to the extent that Paragraph 23 attempts to impose liability upon Williams, or a response is otherwise required of Williams, it is denied.

24. The allegations of Paragraph 24 of the First Amended Complaint do not pertain to Williams and no response is required. However, to the extent that Paragraph 24 attempts to impose liability upon Williams, or a response is otherwise required of Williams, it is denied.

**VENUE AND JURISDICTION:**

25. Williams admits that this Court has jurisdiction over claims such as those levied by Plaintiffs in the First Amended Complaint, and further admits that this Court has pendant jurisdiction over certain state law claims. Williams denies the Court may try the claims to a jury. Williams is without sufficient information to admit the remaining allegations of Paragraph 25 and therefore denies the same.

**FACTUAL ALLEGATIONS:**

26. Williams admits that he was the commander of the Southeast Mississippi Drug Task

Force on November 16, 2005. The remaining allegations and averments of Paragraph 26 are denied.

27. Williams is without sufficient information to determine the truth of the allegations of Paragraph 27 and therefore denies the same.

28. Williams admits that he struck Mr. Cooley with an axe handle while he was handcuffed. Williams denies the blow was hard and severe enough that Cooley fell to the ground. Williams denies that he continued for several minutes to brutally beat Cooley with the wooden object. Williams denies that he delivered between 50-60 blows. All allegations of paragraph 28 not specifically admitted are denied.

29. Williams admits that Cooley was transported to the Jones County Jail. As to the remaining allegations of Paragraph 30, Williams is without sufficient information to determine their truth and therefore denies the same.

30. Williams admits that Plaintiff was charged with possession of cocaine, and that he was incarcerated in the Jones County Jail. As to the remaining allegations of Paragraph 30, Williams is without sufficient information to determine their truth and therefore denies the same.

31. Williams is without sufficient information to determine the truth of the allegations of Paragraph 31 and therefore denies the same.

32. At times relevant to the Plaintiffs' First Amended Complaint, Williams acted within the course and scope of his employment as an agent of the Southeast Mississippi Drug Task Force. Williams denies the remaining allegations of Paragraph 32.

33. The allegations and averments of Paragraph 33 are denied.

34. The allegations and averments of Paragraph 34 are denied.

35. At times relevant to the Plaintiffs' First Amended Complaint, Williams acted within the course and scope of his employment as an agent of the Southeast Mississippi Drug Task Force. The remaining allegations and averments of Paragraph 35 are denied.

36. The allegations and averments of Paragraph 36 are denied.

37. The allegations and averments of Paragraph 37 are denied.

### COUNT I. - MISSISSIPPI TORT CLAIMS VIOLATIONS

38. Williams reasserts and incorporates by reference each and every response and/or defense set forth in the preceding paragraphs.

39. The allegations and averments of Paragraph 39 are denied.

40. The allegations and averments of Paragraph 40 are denied.

### COUNT II. - INEADEQUATE {sic} TRAINING, HIRING & SUPERVISION

41. Williams reasserts and incorporates by reference each and every response and/or defense set forth in the preceding paragraphs.

42. The allegations of Paragraph 42 of the First Amended Complaint do not pertain to Williams and no response is required. However, to the extent that Paragraph 42 attempts to impose liability upon Williams, or a response is otherwise required of Williams, it is denied.

43. The allegations and averments of Paragraph 43 are denied.

44. The allegations and averments of Paragraph 44 are denied.

### COUNT III. - 42 U.S.C. § 1983

45. Williams reasserts and incorporates by reference each and every response and/or defense set forth in the preceding paragraphs.

46. The allegations and averments of Paragraph 46 are denied.

47. The allegations and averments of Paragraph 47, including subparagraphs A through E, are denied.

48. The allegations and averments of Paragraph 48 are denied.

49. The allegations and averments of Paragraph 49 are denied.

## COUNT IV. - ASSAULT AND BATTERY

50. Williams reasserts and incorporates by reference each and every response and/or defense set forth in the preceding paragraphs.

51. Williams admits he struck Mr. Cooley with an axe handle. The remaining allegations and averments of Paragraph 51 are denied.

52. The allegations and averments of Paragraph 52 are denied.

## COUNT V. - FALSE ARREST AND ILLEGAL IMPRISONMENT

53. Williams reasserts and incorporates by reference each and every response and/or defense set forth in the preceding paragraphs.

54. Williams admits only that he arrested Cooley for possession of cocaine when the cocaine had been planted on Mr. Cooley's person. Except as specifically admitted, the allegations and averments of Paragraph 54 are denied.

55. The allegations and averments of Paragraph 55 are denied.

## COUNT VI. - 42 U.S.C. § 1983

56. Williams reasserts and incorporates by reference each and every response and/or defense set forth in the preceding paragraphs.

57. The allegations of Paragraph 57 of the First Amended Complaint do not pertain to Williams and no response is required. However, to the extent that Paragraph 57 attempts to impose liability upon Williams, or a response is otherwise required of Williams, it is denied.

58. The allegations of Paragraph 58 of the First Amended Complaint do not pertain to Williams and no response is required. However, to the extent that Paragraph 58 attempts to impose liability upon Williams, or a response is otherwise required of Williams, it is denied.

59. The allegations and averments of Paragraph 59 are denied.

60. The allegations and averments of Paragraph 60 are denied.

61. The allegations of Paragraph 61 of the First Amended Complaint do not pertain to Williams and no response is required. However, to the extent that Paragraph 61 attempts to impose liability upon Williams, or a response is otherwise required by Williams, it is denied.

62. The allegations and averments of Paragraph 62 are denied.

## COUNT IV. {sic} - INFLICTION OF EMOTIONAL DISTRESS

63. Williams reasserts and incorporates by reference each and every response and/or defense set forth in the preceding paragraphs.

64. The allegations and averments of Paragraph 64 are denied.

65. The allegations and averments of Paragraph 65 are denied.

## COUNT V. {sic} - NEGLIGENCE

66. Williams reasserts and incorporates by reference each and every response and/or defense set forth in the preceding paragraphs.

67. The allegations and averments of Paragraph 67 are denied.

68. The allegations and averments of Paragraph 68 are denied.

## COUNT VI. {sic} - PUNITIVE DAMAGES

69. Williams reasserts and incorporates by reference each and every response and/or defense set forth in the preceding paragraphs.

70. The allegations and averments of Paragraph 70 are denied.

71. The allegations and averments of Paragraph 71 are denied.

72 Williams admits only that Plaintiffs have demanded a jury trial. Williams denies Plaintiffs are entitled to a jury trial.

73. As to the final, unnumbered paragraph beginning "WHEREFORE", Williams denies each and every allegation contained therein, including subparagraphs "a" through "e", and categorically denies that Plaintiffs are entitled to any recovery from him whatsoever.

Each allegation or averment contained in Plaintiffs' First Amended Complaint not specifically admitted is hereby denied.

This the 17th day of January, 2007.

Respectfully Submitted,

ROGER WILLIAMS

By His Attorneys

DunbarMonroe, PLLC

By: /s/Clark Monroe
    Clark Monroe
      cmonroe@dunbarmonroe.com
    W. Joseph Wiggins
      jwiggins@dunbarmonroe.com

OF COUNSEL:
Clark Monroe (MSB# 9810)
W. Joseph "Joey" Wiggins (MSB#101484)
DunbarMonroe, PLLC
1855 Lakeland Drive, Suite R-201
Jackson, Mississippi 39216
(601) 366-1805 OFFICE
(601) 366-1885 FAX

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day caused the above and foregoing to be filed via the ECF system which gave notification of such filing to the following counsel of record:

Attorney for Plaintiffs:

Pamela L. Huddleston, Esq.
Pamela@huddlestonlawfirm.com

Attorneys for Defendants:

John B. Clark, Esq.
jclark@danielcoker.com

William Bienville Skipper, Esq.
bskipper@danielcoker.com

Robert O. Allen, Esq.
ballen@aabalegal.com

William R. Allen
wallen@aabalegal.com

H. Wesley Williams, III, Esq.
wwilliams@markowwalker.com

Andrew G. McCullough, Esq.
amccullough@markowwalker.com

J. L. Wilson, IV, Esq.
jwilson@uwbbr.com

This the 17th day of January, 2007.

                                                                /s/Clark Monroe

                                                                 Clark Monroe