**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**ROBERT DEAN COOLEY AND**                                                    **PLAINTIFFS**
**BLAKE DALTON COOLEY, A MINOR,**
**BY AND THROUGH ROBERT DEAN COOLEY,**
**HIS FATHER AND NEXT FRIEND**

**VERSUS**                                  **CIVIL ACTION NO. 2:06CV251KS-MTP**

**JONES COUNTY, MISSISSIPPI; ET AL**                            **DEFENDANT(S)**

**ANSWER AND FIRST DEFENSES OF DEFENDANTS**
**SMITH COUNTY, MISSISSIPPI, THE SMITH COUNTY SHERIFF'S OFFICE, THE SMITH**
**COUNTY BOARD OF SUPERVISORS AND SHERIFF CHARLIE CRUMPTON, TO**
**PLAINTIFF'S AMENDED COMPLAINT**

COME NOW Defendants Smith County, Mississippi, the Smith County Sheriff's Office, the

Smith County Board of Supervisors and Sheriff Charlie Crumpton (hereinafter "Defendants"),

through counsel, and file this Answer and First Defenses to Plaintiff's Amended Complaint, and

respectfully show as follows:

**DEMAND FOR JURY TRIAL**

Defendants deny that Plaintiffs are entitled to a jury trial on many issues herein and state that

the Mississippi Tort Claims Act provides that this matter is subject to a bench trial for all claims

under the Mississippi Tort Claims Act.

**FIRST DEFENSE**

Pending the completion of discovery, Defendants contend that the Amended Complaint fails,

in whole or in part, to state a cause of action against them upon which relief can be granted.

**SECOND DEFENSE**

Defendants hereby assert all defenses available to them as set forth in Federal Rule of Civil

Procedure 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist on their behalf or in their favor.

## THIRD DEFENSE

Defendants hereby incorporate by reference any defenses available to them enumerated in Rule 8 of the Federal Rules of Civil Procedure as if fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, Defendants reserve the right to seek leave of Court to amend this Answer to specifically assert any such defenses. Such defenses are incorporated herein by reference for the specific purpose of not waiving any such defense.

## FOURTH DEFENSE

At all times relevant to Plaintiffs' Amended Complaint, Defendant Smith County and its employees were engaged in governmental functions or a delegated state function and correspondingly, Defendants are entitled to, and hereby asserts all rights, privileges and immunities and defenses available to a governmental or state actor.

## FIFTH DEFENSE

At all times relevant to Plaintiffs' Amended Complaint, Defendant Smith County's employees acted in good faith and without malice, deliberate indifference, reckless disregard, injurious intent, or wrongful motive. As such, there has been no conduct which would support liability for damages to Plaintiffs.

## SIXTH DEFENSE

At all times relevant to Plaintiffs' Amended Complaint, Defendant Smith County's employees acted in good faith reliance upon existing state and federal laws and Defendant and its

employees are therefore entitled to qualified immunity or a special good faith defense.

## SEVENTHTH DEFENSE

The conduct of which Plaintiffs complain did not violate any clearly established rights of the Plaintiffs, determined by the standard of objective reasonableness.

## EIGHTH DEFENSE

Defendants incorporate herein and assert any defense or immunity raised by any other Defendant as the same may be applicable to them.

## NINTH DEFENSE

Plaintiffs have failed to mitigate damages, if any, in accordance with Mississippi law.

## TENTH DEFENSE

Defendants hereby invoke and assert all defenses afforded and available to them under any Administrative Remedies Program.

## ELEVENTH DEFENSE

Plaintiffs did not give Defendants sufficient and proper notice of their claim prior to filing suit, and therefore waived their right to bring this cause of action as far as any state law claims are concerned.

## TWELFTH DEFENSE

Defendant Smith County's employees did not commit any act or fail to take any action, within the sphere of their official capacity, which they knew or reasonably should have known would violate the constitutional rights of Plaintiffs or in the alternative, damage or injure Plaintiffs in any manner whatsoever, and Defendant Smith County's employees did not commit any act or fail

to commit any act with malicious intent to cause the deprivation of Plaintiffs' constitutional rights or cause harm to Plaintiffs as a result of the action or inactions taken or complained of.

## THIRTEENTH DEFENSE

Defendants have not authored, enacted, implemented, subscribed to, acquiesced, ratified or upheld any law, regulation, policy, practice or custom that would deprive Plaintiffs of any federal or state law rights and no such official policy, custom or practice is responsible for the deprivation of any rights protected by the state or federal Constitutions.

## FOURTEENTH DEFENSE

Defendants are immune from civil liability because the actions or inactions of Defendant Smith County's employees were official acts of the state of Mississippi requiring the exercise of reasonable judgment in their official capacity. Any action taken was undertaken in good faith and upon reasonable cause which cannot be made the basis of any cause of action. Defendants are immune from this suit and acted reasonably, prudently and properly under the provisions of the law.

## FIFTEENTH DEFENSE

Defendants are entitled to complete immunity and/or qualified immunity from suit, liability and damages.

## SIXTEENTH DEFENSE

Plaintiffs have failed to exhaust their administrative remedies in accordance with state and federal law.

## SEVENTEENTH DEFENSE

Defendants deny each and every allegation of Plaintiffs' Amended Complaint not specifically admitted or otherwise pled to herein.

4

### EIGHTEENTH DEFENSE

To the extent that Plaintiffs are attempting to state any claim under the Mississippi Tort Claims act or any other state law, Defendants states that Defendant Smith County is a political subdivision of the State of Mississippi and hereby invoke all of the protections and immunities afforded to such entities and their employees in accordance with §11-46-1 *et seq*. Miss. Code Ann. (1972), as amended.

### NINETEENTH DEFENSE

Defendants shows that some or all of Plaintiff s' claims are or may be barred by the applicable statute of limitations.

### TWENTIETH DEFENSE

Defendants are entitled to qualified immunity or, alternatively a "good faith" defense or immunity from suit herein. Alternatively, Defendants' employees did not act under color of state law for purposes of liability under 42 U.S.C. §1983 and Plaintiff's Amended Complaint fails to state a claim against Defendants upon which relief may be granted pursuant to 42 U.S.C. §1983.

### TWENTY FIRST DEFENSE

Defendant Smith County's employees had probable cause, legitimate and lawful justification for any and all actions undertaken by them.

### TWENTY SECOND DEFENSE

Plaintiffs have stated claims for relief for which this Court does not have subject matter jurisdiction. Any such claims should be severed from this actions as they are misjoined with Plaintiff s' claims asserted under 42 U. S. C. §§1983 or 1986.

### TWENTY THIRD DEFENSE

Alternatively and affirmatively and without admitting any negligence or liability, Defendants show that the sole proximate cause of the injuries and/or damages alleged by Plaintiffs was the actions of Plaintiffs or third persons over whom Defendants had no control. Accordingly, Plaintiffs may not recover any sums whatsoever herein from Defendants. Further, alternatively, should the Court determine that Defendants are mistaken in their contention that the actions of Plaintiffs or third persons over whom Defendants had no control are the sole proximate cause of any alleged injuries and/or damages suffered by Plaintiffs, nonetheless, such action proximately contributed to the injuries and/or damages alleged by the Plaintiffs, and accordingly, any damages which otherwise might have been allowable, must be reduced in direct proportion to the amount of fault attributable to Plaintiffs or other third persons over whom Defendants had no control in accordance with applicable law.

## TWENTY FOURTH DEFENSE

Defendants invoke the provisions of §85-5-7 Miss. Code Ann. (1972), as amended.

## TWENTY FIFTH DEFENSE

Defendants state that they and Defendant Smith County's employees had no personal involvement with any conduct which violated plaintiff's federal or state law rights as set forth in Plaintiff's Amended Complaint and, therefore, Defendants cannot be held liable in any manner.

## TWENTY SIXTH DEFENSE

Defendants are entitled to recover the costs of this litigation, including reasonable attorneys fees, from Plaintiff.

## TWENTY SEVENTH DEFENSE

The claims asserted by plaintiffs which allow for imposition of punitive damages in this

action would violate the due process clause of the Fifth and Fourteenth Amendments of the Constitution of the United States of America because imposition of punitive damages against Defendants would violate his rights to substantive due process of laws.

## **TWENTY-EIGHTH DEFENSE**

Imposition of punitive damages under existing Mississippi law in this action against Defendants would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America in the following manners:

(a)    Imposition of unlimited punitive damages that are vastly disproportionate to any actual or compensable injury violates the Fourteenth Amendment to the Constitution of the United States of America.

(b)    Disproportionate punitive damages constitute an arbitrary and capricious taking or property which is not justified by any rational governmental interest and therefore violates the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

(c)    An award of punitive damages without specific standards to guide the jury's determination of the amount of such damages is contrary to the requirement of due process under the Fourteenth Amendment of the Constitution of the United States of America.

(d)    The fact that Mississippi law does not provide a reasonable limit on the amount of punitive awards violates the Fourteenth Amendment of the Constitution of the United States of America.

(e)    The substantive standards of liability under which punitive damages are sought in this case are ambiguous, subjective and not reasonably ascertainable, and thus are "void for vagueness" under the Fourteenth Amendment to the Constitution of the United States of America.

(f)    Mississippi law fails to provide a clear, objective and consistent appellate standard for post verdict review of punitive damages in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

(g)    Mississippi law permits civil punishment upon a standard of proof less than that required for the imposition of criminal sanctions.

(h)     Mississippi law permits joint and several punishment of Defendants who are guilty of different acts and degrees of culpability.

(i)     Mississippi law permits multiple awards of punitive damages for the same alleged act or omission and therefore exposes the Defendants to double jeopardy.

(j)     Mississippi law permits an award of punitive damages in an amount that constitutes an excessive fine in violation of the Eighth Amendment to the Constitution of the United States of America.

## TWENTY NINTH DEFENSE

Imposition of punitive damages under Mississippi law violates Defendants' Fifth Amendment guarantee against self incrimination under the constitution of the United States and because said claim is penal in nature while Defendants is required to disclose documents and/or other evidence against his interest under the rules of discovery and evidence.

## THIRTIETH DEFENSE

The imposition of punitive damages in this action against Defendants in an amount exceeding any actual and potential harm by an excessive and/or unconstitutional ratio violates Defendants's substantive due process rights guarantee by the Constitution of the United States of America and the Mississippi Constitution of 1890.

## THIRTY FIRST DEFENSE

The imposition of punitive damages under Mississippi law fails to provide fair notice to Defendants that the alleged wrongful conduct could subject it to punishment and also fails to provide fair notice of the severity of the punishment that the state could impose through an award of punitive damages. This lack of fair notice violates Defendants's due process rights, both procedural and substantive, as guaranteed by the Constitution of the United States of America and the Mississippi Constitution of 1890.

**THIRTY SECOND DEFENSE**

The imposition of punitive damages against Defendants in this case, if any, would violate Defendants's due process rights as guaranteed by the Constitution of the United States of America, because the award of punitive damages is excessive in light of the following criteria:

    (1)    The degree of reprehensibility of Defendants's alleged wrongful conduct;

    (2)    The disparity between the harm or potential harm and the punitive damage award; and

    (3)    The difference between punitive damage awards and the civil penalties imposed or authorized in other cases.

**THIRTY THIRD DEFENSE**

Some or all of Plaintiff's claims are subject to the doctrine of abstention or mandatory abstention.

**THIRTY FOURTH DEFENSE**

The procedure for determining punitive damages as specified under Mississippi law violates Defendants's right to due process of laws and otherwise violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, because the procedure for determining punitive damages under Mississippi law does not provide meaningful guidance to a jury in the determination of an appropriate punitive award and does not constrain a jury or otherwise reduce the risk of an arbitrary or grossly excessive punitive verdict.

**THIRTY FIFTH DEFENSE**

Defendants invoke the provisions of §11-1-65, Miss. Code Ann. (1972), as amended, insofar as any proceedings are conducted for the purpose of assessing punitive damages in this action.

## THIRTY SIXTH DEFENSE

The conduct of Defendants does not constitute a legal or proximate cause of any injuries, damages or losses allegedly suffered by the plaintiffs. Any damages that plaintiffs incurred occurred as a result of preexisting conditions or events and/or actions completely separate and distinct and unrelated to any action or omission by Defendants, including the acts or omissions of others, and for which Defendants may not be held legally liable.

In the alternative, Defendants reserve the right to offer proof that plaintiffs' damages are the result of new and independent, unforeseeable, superseding and/or efficient, intervening causes unrelated to any conduct of Defendants and for which Defendants are not legally responsible.

## THIRTY SEVENTH DEFENSE

Defendants have not ratified any conduct of any person or entity and for which liability can be imposed on Defendants.

## THIRTY EIGHTH DEFENSE

Defendants shows that Plaintiffs failed to comply with the provisions of § 11-46-11 Miss. Code Ann. (1972), as amended, and sovereign immunity has not been waived on the part of Defendants.

## THIRTY NINTH DEFENSE

Defendants shows that the injuries and/or damages, if any, alleged by the Plaintiffs occurred while Plaintiffs were engaged in criminal activity, said injuries having a causal nexus with said criminal activity, thereby barring Plaintiffs from any recovery pursuant to the provisions of § 11-46-9(c), Miss. Code Ann. (1972), as amended.

## FORTIETH DEFENSE

Defendants shows that it are immune to the allegations contained in Plaintiff s' Amended Complaint pursuant to the provisions of § 11-46-9 <u>Miss. Code Ann.</u> (1972), as amended, including, but not limited to, subsections (d) and (g).

### FORTY FIRST DEFENSE

Defendants show that, as a political subdivision of the state of Mississippi, punitive damages are not allowed to be assessed pursuant to the terms of the Mississippi Tort Claims Act, § 11-46-1, *et seq.*, <u>Miss. Code Ann.</u> (1972), as amended.

### FORTY SECOND DEFENSE

This Court does not have subject matter jurisdiction over Plaintiff's state law claims and such claims should be severed and remanded to the Circuit Court of Smith County, Mississippi. In the alternative, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and remand them to the Circuit Court of Smith County for the reasons stated in 28 U.S.C.(a) § 1367(c)(1)-(4).

### FORTY THIRD DEFENSE

Defendants are immune from any punitive damages liability for claims brought pursuant to 42 U.S.C. 1983.

### FORTY FOURTH DEFENSE

Plaintiff has suffered no injury sufficient to support a claim under 42 U.S.C. § 1983 or § 1986.

### FORTY FIFTH DEFENSE

Defendants states that no persons conspired, worked in conjunction with each other, or made any overt act to deprive Plaintiff of any right or privilege or to obstruct justice or to intimidate Plaintiff in any manner.

## FORTY SIXTH DEFENSE

The Plaintiff fails to state a claim for negligent supervision, negligent hiring, negligent retention, failure to train, inadequate training and failure to supervise against Defendants.

## FORTY SEVENTH DEFENSE

The Plaintiff fails to state a claim for false imprisonment, illegal imprisonment, false arrest, assault, aggravated assault or battery against this Defendants.

## FORTY EIGHTH DEFENSE

Plaintiff's claims for negligent or intentional infliction of emotional distress fail to state a claim for which relief may be granted as Defendants and its employees acted reasonably and prudently at all times and Plaintiff has suffered no emotional injuries.

## FORTY-NINTH DEFENSE

Defendants have no liability to Plaintiff herein pursuant to 42 U.S.C. § 1988 as Plaintiff fails to state a claim pursuant to 42 U.S.C. §§ 1983 or 1986.

## FIFTIETH DEFENSE

Though denying the same, the actions described and alleged in Plaintiff's Amended Complaint do not represent, nor are they motivated by, the custom, policy or practice of Smith County, Mississippi. Further, said allegations with reference to the conduct of which Plaintiff complains, would represent conduct taken and performed outside the course and scope of any employment relationship with Smith County, Mississippi, and not performed under color of state law.

## FIFTY-FIRST DEFENSE

Some or all of theses defendants are entitled to absolute legislative immunity.

## FIFTY-SECOND DEFENSE

Defendants show that there is no legal theory upon which Blake Dalton Cooley may recover damages and these claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## FIFTY-THIRD DEFENSE

If there are any persons or parties having subrogation interests or interests by assignment, whether by contract or law, creating a lien arising out of said person or party's payment of medical expenses on behalf of the Plaintiffs, then there is a failure to join such necessary parties pursuant to F.R.C.P. Rule 12(b)(7) and F.R.C.P. Rule 17(a) and 19.

## FIFTY-FOURTH DEFENSE

The Smith County Sheriff's Department is not a political subdivision of the state of Mississippi as defined in § 11-46-1(i) Miss. Code Ann. (1972), as amended or as contemplated by 42 U.S.C. § 1983. All claims asserted against this nonentity should be dismissed with prejudice at the cost of Plaintiffs.

## FIFTY-FIFTH DEFENSE

Plaintiff's Complaint is subject to dismissal based upon lack of personal jurisdiction, insufficiency of process and insufficiency of service of process.

## FIFTY-SIXTH DEFENSE

Defendants invoke all other statutory and common law defenses and immunities available to them.

## FIFTY-SEVENTH DEFENSE

And now, subject to and without waiver of the foregoing defenses, Defendants respond to the allegations of the Amended Complaint as follows:

## PARTIES

1. Defendants are without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Amended Complaint.

2. Defendants are without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Amended Complaint.

3. Defendants are without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Amended Complaint.

4. Defendants are without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Amended Complaint.

5. Defendants are without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Amended Complaint.

6. Defendants are without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Amended Complaint.

7. Defendants are without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Amended Complaint.

8. Defendants are without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Amended Complaint.

9. Defendants are without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Amended Complaint.

10. Defendants are without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Amended Complaint.

11. Defendants are without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Amended Complaint.

12. Defendants are without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Amended Complaint.

13. Defendants are without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Amended Complaint.

14. Defendants are without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Amended Complaint.

15. Defendants are without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Amended Complaint.

16. Defendants are without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Amended Complaint.

17. Defendants are without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Amended Complaint.

18. Denied.

19. Defendants admit that Smith County is a political subdivision of the state of Mississippi. Except as specifically admitted, the remaining allegations of paragraph 19 are denied.

20. Admitted.

21. Denied.

22. This paragraph of Plaintiff's Amended Complaint makes no allegations and requires no response of these Defendants.

23. Defendants are without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Amended Complaint.

24. The allegations contained in paragraph 24 of Plaintiff s' Amended Complaint appear to be directed towards a co-Defendant and do not require any response of these Defendants. Should Defendants be mistaken in this contention, Defendants deny the allegations of paragraph 24 of Plaintiff's Amended Complaint to the extent they are meant to be applicable to them and state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 as they relate to other Defendants.

## VENUE AND JURISDICTION

25. Defendants do not contest the subject matter jurisdiction of this Court over claims asserted under federal statutes at this time. Defendants deny that this Court has jurisdiction to adjudicate any state law claims and denies that sovereign immunity has been waived. Further, as these defendants are not included in the defined governmental defendants, no allegations of fact are levied against them. Accordingly, no case or controversy involves these defendants and no personal jurisdiction exists over them. Except as specifically admitted, the remaining allegations of paragraph 25 of Plaintiff's Amended Complaint are denied.

## FACTUAL ALLEGATIONS

26. Defendants are without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's Amended Complaint.

27. Defendants are without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's Amended Complaint.

28. Defendants are without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Amended Complaint.

29. Defendants are without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 29 of Plaintiff's Amended Complaint.

30. Defendants are without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiff's Amended Complaint.

31. Defendants are without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiff's Amended Complaint.

32. The allegations contained in paragraph 32 of Plaintiff s' Amended Complaint appear to be directed towards a co-Defendant and do not require any response of these Defendants. Should Defendants be mistaken in this contention, Defendants deny the allegations of paragraph 32 of Plaintiff's Amended Complaint to the extent they are meant to be applicable to them and state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 as they relate to other Defendants.

33. The allegations contained in paragraph 33 of Plaintiff s' Amended Complaint appear to be directed towards a co-Defendant and do not require any response of these Defendants. Should Defendants be mistaken in this contention, Defendants deny the allegations of paragraph 33 of Plaintiff's Amended Complaint to the extent they are meant to be applicable to them and state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 as they relate to other Defendants.

34. The allegations contained in paragraph 34 of Plaintiff s' Amended Complaint appear to be directed towards a co-Defendant and do not require any response of these Defendants. Should Defendants be mistaken in this contention, Defendants deny the allegations of paragraph 34 of Plaintiff's Amended Complaint to the extent they are meant to be applicable to them and state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 as they relate to other Defendants.

35. The allegations contained in paragraph 35 of Plaintiff s' Amended Complaint appear

to be directed towards a co-Defendant and do not require any response of these Defendants. Should Defendants be mistaken in this contention, Defendants deny the allegations of paragraph 35 of Plaintiff's Amended Complaint to the extent they are meant to be applicable to them and state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 as they relate to other Defendants.

36. Denied.

37. Denied.

## COUNT 1. - MISSISSIPPI TORT CLAIMS VIOLATIONS

38. Defendants re-allege and incorporate by reference the responses set forth in paragraphs 1 through 37 above as if fully restated herein.

39. Denied.

40. Denied.

## COUNT II. - INADEQUATE TRAINING, HIRING & SUPERVISION

41. Defendants re-allege and incorporate by reference the responses set forth in paragraphs 1 through 40 above as if fully restated herein.

42. The allegations contained in paragraph 42 of Plaintiff s' Amended Complaint appear to be directed towards a co-Defendant and do not require any response of these Defendants. Should Defendants be mistaken in this contention, Defendants deny the allegations of paragraph 42 of Plaintiff's Amended Complaint to the extent they are meant to be applicable to them and state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 as they relate to other Defendants.

43. The allegations contained in paragraph 43 of Plaintiff s' Amended Complaint appear to be directed towards a co-Defendant and do not require any response of these Defendants. Should

Defendants be mistaken in this contention, Defendants deny the allegations of paragraph 43 of Plaintiff's Amended Complaint to the extent they are meant to be applicable to them and state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 as they relate to other Defendants.

44. Denied.

## COUNT III. - 42 U.S.C. § 1983

45. Defendants re-allege and incorporate by reference the responses set forth in paragraphs 1 through 44 above as if fully restated herein.

46. The allegations contained in paragraph 46 of Plaintiff s' Amended Complaint appear to be directed towards a co-Defendant and do not require any response of these Defendants. Should Defendants be mistaken in this contention, Defendants deny the allegations of paragraph 46 of Plaintiff's Amended Complaint to the extent they are meant to be applicable to them and state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 as they relate to other Defendants.

47. The allegations contained in paragraph 47 of Plaintiff s' Amended Complaint appear to be directed towards a co-Defendant and do not require any response of these Defendants. Should Defendants be mistaken in this contention, Defendants deny the allegations of paragraph 47, subsections A. - E. inclusive, of Plaintiff's Amended Complaint to the extent they are meant to be applicable to them and state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 as they relate to other Defendants.

48. Denied.

49. Denied.

## COUNT IV.  ASSAULT AND BATTERY

50. Defendants re-allege and incorporate by reference the responses set forth in paragraphs 1 through 49 above as if fully restated herein.

51. Defendants are without sufficient information with which to form a belief as to the truth of the allegations contained in paragraph 51 of Plaintiff's Amended Complaint.

52. Denied.

## COUNT V. FALSE ARREST AND ILLEGAL IMPRISONMENT

53. Defendants re-allege and incorporate by reference the responses set forth in paragraphs 1 through 52 above as if fully restated herein.

54. The allegations contained in paragraph 54 of Plaintiff s' Amended Complaint appear to be directed towards a co-Defendant and do not require any response of these Defendants. Should Defendants be mistaken in this contention, Defendants deny the allegations of paragraph 54 of Plaintiff's Amended Complaint to the extent they are meant to be applicable to them and state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 as they relate to other Defendants.

55. Denied.

## COUNT VI. 42 U. S. C. § 1983

56. Defendants re-allege and incorporate by reference the responses set forth in paragraphs 1 through 55 above as if fully restated herein.

57. The allegations contained in Paragraph 57 of Plaintiffs' Amended Complaint appear to be directed towards a co-Defendant and do not require any response of these Defendants. Should these Defendants be mistaken in this contention, Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 57of Plaintiffs' Amended Complaint.

58. The allegations contained in Paragraph 58 of Plaintiffs' Amended Complaint appear to

be directed towards a co-Defendant and do not require any response of these Defendants.  Should these Defendants be mistaken in this contention, Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 58 of Plaintiffs' Amended Complaint.

59.  The allegations contained in Paragraph 59 of Plaintiffs' Amended Complaint appear to be directed towards a co-Defendant and do not require any response of these Defendants.  Should these Defendants be mistaken in this contention, Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 59 of Plaintiffs' Amended Complaint.

60.  The allegations contained in Paragraph 60 of Plaintiffs' Amended Complaint appear to be directed towards a co-Defendant and do not require any response of these Defendants.  Should these Defendants be mistaken in this contention, Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 60 of Plaintiffs' Amended Complaint.

61.  The allegations contained in Paragraph 61 of Plaintiffs' Amended Complaint appear to be directed towards a co-Defendant and do not require any response of these Defendants.  Should these Defendants be mistaken in this contention, Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 61 of Plaintiffs' Amended Complaint.

62.  Denied.

## COUNT IV. - INFLICTION OF EMOTIONAL DISTRESS

63.  Defendants re-allege and incorporate by reference the responses set forth in paragraphs 1 through 62 above as if fully restated herein.

64.  Denied.

65.  Denied.

## COUNT V. NEGLIGENCE

66.  Defendants re-allege and incorporate by reference the responses set forth in paragraphs

1 through 65 above as if fully restated herein.

67. Denied.

68. Denied.

## COUNT VI. - PUNITIVE DAMAGES

69. Defendants re-allege and incorporate by reference the responses set forth in paragraphs 1 through 68 above as if fully restated herein.

70. Denied.

71. Denied.

72. Defendants deny that Plaintiffs are entitled to a jury trial on many issues herein and states that the Mississippi Tort Claims Act provides that this matter is subject to a bench trial for all state law claims.

In response to the unnumbered paragraph and paragraphs a-e under following paragraph 72 of Plaintiffs' Amended Complaint, Defendants deny all allegations therein, subsections a-e inclusive, and deny that Plaintiff is entitled to any relief whatsoever herein, including declaratory relief, injunctive relief, nominal damages, actual damages, compensatory damages, punitive damages, costs of litigation, attorneys fees or any other relief as against these Defendants. Defendants deny that they are liable to Plaintiffs for any relief of any nature under any theory of law or fact.

WHEREFORE, PREMISES CONSIDERED, having fully answered, Defendants pray that the Amended Complaint filed herein will be dismissed, on its merits, and with prejudice to the bringing of any other action at the cost of the Plaintiffs.

RESPECTFULLY SUBMITTED, this the 26th day of January, 2007.

SMITH COUNTY, MISSISSIPPI

SMITH COUNTY SHERIFF'S OFFICE
SHERIFF CHARLIE CRUMPTON
SMITH COUNTY BOARD OF SUPERVISORS


By:    /s/J. L. Wilson, IV
        J. L. Wilson, IV, MSB# 10782


OF COUNSEL:

UPSHAW, WILLIAMS, BIGGERS,
  BECKHAM & RIDDICK, LLP
309 Fulton Street
P.O. Drawer 8230
Greenwood, MS 38935-8230
Telephone: (662) 455-1613

## CERTIFICATE OF SERVICE

I, J. L. Wilson, attorney for Defendants, do hereby certify that I have served a true and correct copy of this pleading by electronic filing with the Clerk of the Court using the ECF system THIS the 26th day of January, 2007.

/S/J. L. Wilson, IV

J. L. WILSON, IV

K:\JLW\Smith Co. ads Cooley\answer.wpd