**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI-HATTIESBURG DIVISION**

**ROBERT DEAN COOLEY**
**And BLAKE DALTON COOLEY, a minor,**
**By and through ROBERT DEAN COOLEY, his father and next friend**

**VERSUS**                                    **CIVIL ACTION NO.  2:06CV251KS-MTP**

**JONES COUNTY, MISSISSIPPI; THE JONES COUNTY SHERIFF'S OFFICE; SHERIFF T. LARRY DYKES, in his official capacity as the Sheriff of Jones County, and Individually; THE JONES COUNTY BOARD OF SUPERVISORS; RANDALL KEITH PARKER in his official capacity as a former agent of the Southeast Mississippi Drug Task Force and individually; JASON SCOTT SIMS in his official capacity as a former agent of the Southeast Mississippi Drug Task Force and individually; ROGER WILLIAMS in his official capacity as a former agent of the Southeast Mississippi Drug Task Force and individually; COVINGTON COUNTY, MISSISSIPPI; THE COVINGTON COUNTY SHERIFF'S OFFICE; SHERIFF ROGER WOOD SPEED in his official capacity as the Sheriff of Covington County, and Individually; THE COVINGTON COUNTY BOARD OF SUPERVISORS; JASPER COUNTY, MISSISSIPPI; THE JASPER COUNTY SHERIFF'S OFFICE; SHERIFF KENNETH CROSS in his official capacity as the Sheriff of Jasper County, and Individually; THE JASPER COUNTY BOARD OF SUPERVISORS; SMITH COUNTY, MISSISSIPPI; THE SMITH COUNTY SHERIFF'S OFFICE; SHERIFF CHARLIE CRUMPTON, in his official capacity as the Sheriff of Smith County, and Individually; THE SMITH COUNTY BOARD OF SUPERVISORS; and JOHN DOES 1-15**

### ANSWER AND AFFIRMATIVE DEFENSES OF RANDALL KEITH PARKER

COMES NOW, Defendant Randall Keith Parker (hereinafter "Parker") and files this his Answer and Affirmative Defenses to the First Amended Complaint filed herein by Robert Dean Cooley ("Cooley") and Blake Dalton Cooley (hereinafter collectively referred to as  "the Plaintiffs"), as follows:

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim against Parker upon which any relief can be granted.  Therefore, this action should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

The injuries alleged in the First Amended Complaint, if any, were the result of the actions of persons or third-parties for whom Parker is neither responsible nor liable.

## THIRD AFFIRMATIVE DEFENSE

Parker neither caused nor contributed to plaintiffs' injuries and damages, if any, but if Parker is found to be responsible, he demands application of Section 85-5-7, Miss. Code of 1972, as amended, and the appropriate apportionment of damages among all parties who may be liable to the Plaintiffs in direct proportion to their individual or respective percentage of fault or negligence.

## FOURTH AFFIRMATIVE DEFENSE

Parker possesses immunity or qualified immunity herein from suit and/or liability and/or damages.

## FIFTH AFFIRMATIVE DEFENSE

Parker invokes the provisions of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 (Supp. 2003), *et seq.* Included in these provisions is Parker's right to a non-jury trial by the Court on all issues, which is hereby prayed for. To the extent that Plaintiffs' First Amended Complaint, and any subsequently filed pleading, may seek a trial by jury on state law claims, Parker moves the Court to strike any such jury demand on the basis that the same is prohibited by the Mississippi Tort Claims Act.

## SIXTH AFFIRMATIVE DEFENSE

Parker did not breach any duty owed to Plaintiffs, nor did he violate any right or privilege of either Plaintiff, and is therefore not liable for any damages that may have been incurred by the Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

Parker asserts the applicable exemptions from liability found in Miss. Code Ann. § 11-46-9, and all other exemptions that may be available at law.

## EIGHT AFFIRMATIVE DEFENSE

Parker was acting within the course and scope of his employment at all times relevant to any state law claim asserted in Plaintiffs' First Amended Complaint, and therefore, he cannot be sued or held liable in his individual capacity.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs fail to allege a policy, practice or custom sufficient to subject Parker to liability under 42 U.S.C. § 1983.

## TENTH AFFIRMATIVE DEFENSE

Parker pleads that if any of the allegations set forth in Plaintiffs' First Amended Complaint are true, Plaintiffs are or may be guilty of contributory negligence or affirmative conduct in connection with the events about which they complain. To the extent that any of the events alleged in Plaintiffs' First Amended Complaint were caused by either or both of the Plaintiffs' actions or omissions, any recovery must be reduced according to the principle of contributory or comparative negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege or establish a violation of Constitutional rights, and at all times, Parker acted objectively reasonable under the circumstances. Therefore, Parker should be dismissed from this action based upon qualified immunity.

## TWELFTH AFFIRMATIVE DEFENSE

While it is specifically denied that Plaintiffs are entitled to damages in the premises, Parker would show said injuries and/or damages, if any, were the result of independent intervening and superseding events and/or naturally occurring, idiosyncratic diseases or conditions for which Parker is not responsible and has no liability.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' First Amended Complaint fails to state facts sufficient to entitle Plaintiffs to an award of exemplary or punitive damages against Parker.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any award of exemplary and/or punitive damages as sought by the Plaintiffs is unconstitutional under both the United States Constitution, particularly under the Eighth and Fourteenth Amendments, and the Mississippi Constitution of 1890, particularly under §§ 14 and 28 of Article 3, and such award if unlawful for the following reasons:

A.     That such award would not serve any function now appropriate in the context of this action for civil damages. All actual damages, if any, are recoverable under Mississippi law.

B.     That such award would only serve as a windfall to the plaintiffs in civil litigation.

C.     That such award is by definition punitive in nature and the criminal statutes of Mississippi serve the appropriate function of punishing any wrongful conduct and to deter such conduct by others.

D.     That such award would be against public policy.

E.     That such award would be tantamount to or would constitute a taking of property without due process, since that amount of such award is based solely on speculation and not on any rational basis.

F.     That such an award, if any, would not be subject to procedural safeguards guaranteed to a criminal defendant.

G.     That such an award would constitute an excessive fine or penalty.

## FIFTEENTH AFFIRMATIVE DEFENSE

Parker invokes the applicable procedural and substantive aspects of, and all rights afforded them under, Mississippi's 1993 Tort Reform Act, Miss. Code Ann. § 11-1-65, Mississippi's Civil Justice Reform Act of 2002, Ch. No. 4 (H.B. No. 19), and the civil

justice reform law passed by the Mississippi Legislature in the First Extraordinary Session 2004 as House Bill 13 and as approved by the Governor on June 16, 2004.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred by Miss. Code Ann. §11-46-15 (Supp. 2003) and should therefore be dismissed.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's' claim for punitive damages violates the Fifth and Fourteenth Amendments to the United States Constitution and Sections 14, 15, 16, 17, 20 and 28 of Article III of the Mississippi Constitution and is therefore barred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs reach a settlement with any other party, person or entity who may be liable in whole or in part for any of the alleged injuries or damages asserted in Plaintiffs' First Amended Complaint, Parker is entitled to a credit and/or offset in the amount of such settlement.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' expenses or other damages allegedly caused by the incidents alleged in Plaintiffs' First Amended Complaint may have been paid by Parker, on behalf of Parker, or by other parties who are claimed to be responsible for Plaintiffs' alleged injuries and/or damages, Plaintiffs have been fully compensated for any injuries and/or damages arising out of the incidents alleged in Plaintiffs' First Amended Complaint, and Parker is entitled to an offset in the amount of all advance payments made against any judgment that may be rendered against him, and Parker pleads the defense of credit/payment.

## TWENTIETH AFFIRMATIVE DEFENSE

This action is barred by the applicable statutes of limitations and should therefore be dismissed.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Parker affirmatively pleads each and every applicable defense enumerated in Rules 8 and 12 of the Federal Rules of Civil Procedure, including but not limited to, lack of jurisdiction over the person, improper venue, insufficiency of process, and insufficiency of service of process.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Parker adopts and incorporates any and all other defenses raised by any other defendant herein or any other party who may be added as a defendant herein to the extent that said defenses are not inconsistent with the defenses raised and/or position taken by Parker.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Parker specifically reserves the right to assert any defense(s) available to him at the time of trial and/or to supplement with any other affirmative defense(s) which may become applicable to this action upon further investigation and discovery.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Now, having first asserted his affirmative defenses, Parker answers the Plaintiffs' First Amended Complaint, paragraph by paragraph, as follows:

## ANSWER

## PARTIES:

1. Parker is without sufficient information to admit the allegations of Paragraph 1 of the First Amended Complaint and therefore denies the same.

2.    Parker is without sufficient information to admit the allegations of Paragraph 2 of the First Amended Complaint and therefore denies the same.

3.    The allegations of Paragraph 3 are not directed at Parker and therefore do not require a response by him; however, to the extent that the allegations contained in Paragraph 3 attempt to impose liability on Parker, those allegations are denied.

4.    The allegations of Paragraph 4 are not directed at Parker and therefore do not require a response by him; however, to the extent that the allegations contained in Paragraph 4 attempt to impose liability on Parker, those allegations are denied.

5.    The allegations of Paragraph 5 are not directed at Parker and therefore do not require a response by him; however, to the extent that the allegations contained in Paragraph 5 attempt to impose liability on Parker, those allegations are denied.

6.    The allegations of Paragraph 6 are not directed at Parker and therefore do not require a response by him; however, to the extent that the allegations contained in Paragraph 6 attempt to impose liability on Parker, those allegations are denied.

7.    The allegations of Paragraph 7 are not directed at Parker and therefore do not require a response by him; however, to the extent that the allegations contained in Paragraph 7 attempt to impose liability on Parker, those allegations are denied.

8.    The allegations of Paragraph 8 are not directed at Parker and therefore do not require a response by him; however, to the extent that the allegations contained in Paragraph 8 attempt to impose liability on Parker, those allegations are denied.

9.    The allegations of Paragraph 9 are denied except it is admitted that Parker is an adult resident citizen of Jones County, Mississippi.

10.    The allegations of Paragraph 10 are not directed at Parker and therefore do not require a response by him; however, to the extent that the allegations contained in Paragraph 10 attempt to impose liability on Parker, those allegations are denied.

11.     The allegations of Paragraph 11 are not directed at Parker and therefore do not require a response by him; however, to the extent that the allegations contained in Paragraph 11 attempt to impose liability on Parker, those allegations are denied.

12.     The allegations of Paragraph 12 are not directed at Parker and therefore do not require a response by him; however, to the extent that the allegations contained in Paragraph 12 attempt to impose liability on Parker, those allegations are denied.

13.     The allegations of Paragraph 13 are not directed at Parker and therefore do not require a response by him; however, to the extent that the allegations contained in Paragraph 13 attempt to impose liability on Parker, those allegations are denied.

14.     The allegations of Paragraph 14 are not directed at Parker and therefore do not require a response by him; however, to the extent that the allegations contained in Paragraph 14 attempt to impose liability on Parker, those allegations are denied.

15.     The allegations of Paragraph 15 are not directed at Parker and therefore do not require a response by him; however, to the extent that the allegations contained in Paragraph 15 attempt to impose liability on Parker, those allegations are denied.

16.     The allegations of Paragraph 16 are not directed at Parker and therefore do not require a response by him; however, to the extent that the allegations contained in Paragraph 16 attempt to impose liability on Parker, those allegations are denied.

17.     The allegations of Paragraph 17 are not directed at Parker and therefore do not require a response by him; however, to the extent that the allegations contained in Paragraph 17 attempt to impose liability on Parker, those allegations are denied.

18.     The allegations of Paragraph 18 are not directed at Parker and therefore do not require a response by him; however, to the extent that the allegations contained in Paragraph 18 attempt to impose liability on Parker, those allegations are denied.

19      The allegations of Paragraph 19 are not directed at Parker and therefore do not require a response by him; however, to the extent that the allegations contained in Paragraph 19 attempt to impose liability on Parker, those allegations are denied.

20.     The allegations of Paragraph 20 are not directed at Parker and therefore do not require a response by him; however, to the extent that the allegations contained in Paragraph 20 attempt to impose liability on Parker, those allegations are denied.

21.     The allegations of Paragraph 21 are not directed at Parker and therefore do not require a response by him; however, to the extent that the allegations contained in Paragraph 21 attempt to impose liability on Parker, those allegations are denied.

22.     The allegations of Paragraph 22 are not directed at Parker and therefore do not require a response by him; however, to the extent that the allegations contained in Paragraph 22 attempt to impose liability on Parker, those allegations are denied.

23.     The allegations of Paragraph 23 are not directed at Parker and therefore do not require a response by him; however, to the extent that the allegations contained in Paragraph 23 attempt to impose liability on Parker, those allegations are denied.

24.     The allegations of Paragraph 24 are not directed at Parker and therefore do not require a response by him; however, to the extent that the allegations contained in Paragraph 24 attempt to impose liability on Parker, those allegations are denied.

## VENUE AND JURISDICTION:

25.     The allegations of Paragraph 25 are denied, except it is admitted that this Court has jurisdiction over the claims raised by the Plaintiff in the First Amended Complaint and that this Court has pendant jurisdiction over state law claims.  Parker specifically denies that this Court may try the claims to a jury.  Parker is without sufficient information to admit or deny the remaining allegations of Paragraph 25 of the First Amended Complaint and therefore denies the same.

**FACTUAL ALLEGATOINS:**

26.     The allegations of Paragraph 26 of the First Amended Complaint are denied as phrased.   Parker admits that on November 16, 2005, Roger Williams ("Williams") was the Commander of the Southeast Mississippi Drug Task Force.   Parker further admits that on or about November 16, 2005, a call was placed to Robert Dean Cooley ("Cooley") wherein Cooley was asked to meet Crystal Bunch ("Bunch") at the Mt. Vernon Methodist Church.   Parker is without sufficient information to admit or deny the remaining allegations of Paragraph 26 of the First Amended Complaint and therefore denies the same.   Except as specifically admitted, the allegations of Paragraph 26 are denied.

27.     The allegations of Paragraph 27 of the First Amended Complaint are denied, except it is admitted that at all times relevant, Parker was acting within the course and scope of his employment as an agent for the Southeast Mississippi Drug Task Force.   Parker also admits that Scott Sims was at all times relevant acting within the course and scope of his employment as an agent for the Southeast Mississippi Drug Task Force.   It is further admitted that after identifying themselves as the Sheriff's Department, the agents took Cooley into custody with his hands cuffed behind his back. Finally, it is admitted that after Cooley was apprehended, Williams and Bunch arrived in Williams' car.   Except as specifically admitted, the allegations of Paragraph 27 are denied.

28.     The allegations of Paragraph 28 of the First Amended Complaint are denied, except it is admitted that Roger Williams retrieved a wooden object from his car. It is further admitted that Williams struck Cooley with the wooden object while Cooley was still standing with his hands cuffed behind his back.   Except as specifically admitted, the remaining allegations of Paragraph 28 are denied.

29.     The allegations of Paragraph 29 of the First Amended Complaint are denied, except it is admitted that a deputy sheriff transported Cooley to the Jones County Jail where upon information and belief he was incarcerated. Parker is without sufficient information to admit or deny the remaining allegations of Paragraph 29 of the First Amended Complaint and therefore denies the same.  Except as specifically admitted, the allegations of Paragraph 29 are denied.

30.     The allegations of Paragraph 30 are denied, except it is admitted that Cooley was charged with possession of cocaine and that he was incarcerated in the Jones County Jail.  Parker is without sufficient information to admit or deny the remaining allegations of Paragraph 30 of the First Amended Complaint and therefore denies the same.  Except as specifically admitted, the allegations of Paragraph 30 are denied.

31.     Parker is without sufficient information to admit or deny the allegations of Paragraph 31 of the First Amended Complaint and therefore denies the same.

32.     The allegations of Paragraph 32 are denied except it is admitted that at all times relevant to Plaintiffs' First Amended Complaint, Parker was acting within the course and scope of his employment as an agent of the Southeast Mississippi Drug Task Force.  Except as specifically admitted, the allegations of Paragraph 32 are denied.

33.     The allegations of Paragraph 33 are not directed at Parker and, therefore, do not require a response by him; however, to the extent that the allegations contained in Paragraph 33 attempt to impose liability on Parker, those allegations are denied.

34.     The allegations of Paragraph 34 are not directed at Parker and, therefore, do not require a response by him; however, to the extent that the allegations contained in Paragraph 34 attempt to impose liability on Parker, those allegations are denied.

35.     The allegations of Paragraph 35 are denied except it is admitted that at all times relevant to Plaintiffs' First Amended Complaint, Parker was acting within the

course and scope of his employment as an agent of the Southeast Mississippi Drug Task Force.  Except as specifically admitted, the allegations of Paragraph 35 are denied.

36.     The allegations of Paragraph 36 are denied.

37.     The allegations of Paragraph 37 are denied.

## COUNT I. – MISSISSIPPI TORT CLAIMS VIOLATIONS

38.     Parker reasserts and incorporates by reference herein each response and defense set forth in the preceding paragraphs as if fully set forth herein.

39.     The allegations of Paragraph 39 are denied.

40.     The allegations of Paragraph 40 are denied.

## COUNT II. – INEADEQUATE {*sic*} TRAINING, HIRING, & SUPERVISION

41.     Parker reasserts and incorporates by reference herein each response and defense set forth in the preceding paragraphs as if fully set forth herein.

42.     The allegations of Paragraph 42 are not directed at Parker and therefore no response is required by Parker; however to the extent that a response is required or to the extent that the allegations of Paragraph 42 attempt to impose liability on Parker, those allegations are denied.

43.     The allegations of Paragraph 43 are denied.

44.     The allegations of Paragraph 44 are denied.

## COUNT III. – 42 U.S.C. § 1983

45.     Parker reasserts and incorporates by reference herein each response and defense set forth in the preceding paragraphs as if fully set forth herein.

46.     The allegations of Paragraph 46 of Plaintiffs' First Amended Complaint are denied, except it is admitted that at all times relevant to Plaintiff's claims, Parker was acting within the course and scope of his employment as an agent for the Southeast Mississippi Drug Task Force.   Except as specifically admitted, the allegations of Paragraph 46 are denied.

47.     The allegations of Paragraph 47 of Plaintiffs' First Amended Complaint, including subparts (A) through (E), are denied.

48.     The allegations of Paragraph 48 are denied.

49.     The allegations of Paragraph 49 are denied.

## COUNT IV. ASSAULT AND BATTERY

50.     Parker reasserts and incorporates by reference herein each response and defense set forth in the preceding paragraphs as if fully set forth herein.

51.     The allegations of Paragraph 51 are denied, except it is admitted that Williams struck Cooley with a wooden object.   Except as specifically admitted, the allegations of Paragraph 51 are denied.

52.     The allegations of Paragraph 52 are denied.

## COUNT V. FALSE ARREST AND ILLEGAL IMPRISONMENT

53.     Parker reasserts and incorporates by reference herein each response and defense set forth in the preceding paragraphs as if fully set forth herein.

54.     The allegations of Paragraph 54 are denied, except it is admitted that Cooley was arrested and incarcerated in the Jones County Jail for possession of cocaine.  Except as specifically admitted, the allegations of Paragraph 54 are denied.

55.     The allegations of Paragraph 55 are denied.

## COUNT VI. 42 U.S.C. § 1983

56.     Parker reasserts and incorporates by reference herein each response and defense set forth in the preceding paragraphs as if fully set forth herein.

57.     The allegations of Paragraph 57 are denied.

58.     The allegations of Paragraph 58 are not directed at Parker and therefore no response is required by Parker; however to the extent that a response is required or to the extent that the allegations of Paragraph 58 attempt to impose liability on Parker, those allegations are denied.

59.	The allegations of Paragraph 59 are denied.

60.	The allegations of Paragraph 57 are denied.

61.	The allegations of Paragraph 61 are not directed at Parker and therefore no response is required by Parker; however to the extent that a response is required or to the extent that the allegations of Paragraph 61 attempt to impose liability on Parker, those allegations are denied.

62.	The allegations of Paragraph 62 are denied.

### COUNT IV. {*sic*} – INFLICTION OF EMOTIONAL DISTRESS

63.	Parker reasserts and incorporates by reference herein each response and defense set forth in the preceding paragraphs as if fully set forth herein.

64.	The allegations of Paragraph 64 are denied.

65.	The allegations of Paragraph 65 are denied.

### COUNT V. {*sic*} NEGLIGENCE

66.	Parker reasserts and incorporates by reference herein each response and defense set forth in the preceding paragraphs as if fully set forth herein.

67.	The allegations of Paragraph 67 are denied.

68.	The allegations of Paragraph 68 are denied.

### COUNT VI. {sic} – PUNITIVE DAMAGES

69.	Parker reasserts and incorporates by reference herein each response and defense set forth in the preceding paragraphs as if fully set forth herein.

70.	The allegations of Paragraph 70 are denied.

71.	The allegations of Paragraph 71 are denied.

72.	Parker admits that Plaintiffs has demanded a jury trial; however, Parker specifically denies that Plaintiffs are entitled to a jury trial.

73.	As to the final unnumbered Paragraph beginning with "WHEREFORE", Parker denies the allegations contained therein, including those raised in subparts (a)

through (e).  Parker specifically denies that Plaintiffs are entitled to recover any category

of damages, fees, costs, expenses, and/or other relief.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

All allegations in plaintiff's First Amended Complaint that are not specifically

admitted are denied.

RESPECTFULLY SUBMITTED, this the 16th day of February, 2007.

RANDALL KEITH PARKER, Defendant

BY:   s/ Richard O. Burson
         ATTORNEY

## OF COUNSEL:

RICHARD O. BURSON (MS Bar #7580)
GRAYSON LACEY (MS Bar #102304)
FERRIS BURSON ENTREKIN FOLLIS & MITCHELL, PLLC
1107 WEST SIXTH STREET
POST OFFICE BOX 1289
LAUREL, MISSISSIPPI 39441-1289
TELEPHONE:  (601) 649-5399
FACSIMILE:  (601) 649-5799

* * *

## CERTIFICATE OF SERVICE

I, Richard O. Burson, attorney for RANDALL KEITH PARKER, do hereby certify

that on February 16, 2007, I electronically filed the foregoing with the Clerk of the Court

using the ECF system which sent notification of such filing to the following:

Pamela Lynn Huddleston
THE HUDDLESTON LAW FIRM
P.O. Box 1194
Laurel, MS  39441-1194
         *Attorney for the Plaintiffs*

John B. Clark
William Bienville Skipper
DANIEL COKER HORTON & BELL
P.O. Box 1084
Jackson, MS  39215-1084
         *Attorneys for Jones County, Jones County Sheriff's Office,*
         *Sheriff T. Larry Dykes & Jones County Board of Supervisors*

Grover Clark Monroe, II
DUNBAR MONROE, PLLC
1855 Lakeland Drive, Suite R01
Jackson, MS 39216
    *Attorney for Roger Williams*

Robert O. Allen
William Robert Allen
ALLEN ALLEN BREELAND & ALLEN, PLLC
P.O. Box 751
Brookhaven, MS 39602-0751
    *Attorneys for Covington County, Covington County Sheriff's Office,*
    *Sheriff Roger Wood Speed & Covington County Board of Supervisors*

H. Wesley Williams, III
Andrew G. McCullough
MARKOW WALKER, P.A.
P.O. Box 13669
Jackson, MS 39236-3669
    *Attorneys for Jasper County, MS, Jasper County Sheriff's Office,*
    *Sheriff Kenneth Cross & Jasper County Board of Supervisors*

J.L. Wilson, IV
UPSHAW WILLIAMS BIGGERS BECKHAM
    & RIDDICK
P.O. Box 8230
Greenwood, MS 8230
    *Attorney for Smith County, MS, Smith County Sheriff's Office,*
    *Sheriff Charlie Crumpton and Smith County Board of Supervisors*


                                        s/ Richard O. Burson
                                        **RICHARD O. BURSON**