IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
MISSISSIPPI - HATTIESBURG DIVISION

ROBERT DEAN COOLEY
and BLAKE DALTON COOLEY, a minor,
by and through ROBERT DEAN COOLEY, his father and next friend

VERSUS                                    CIVIL ACTION NO. 2:06CV251KS-MTP

JONES COUNTY, MISSISSIPPI; THE JONES COUNTY SHERIFF"S OFFICE; SHERIFF T. LARRY DYKES, in his official capacity as the Sheriff of Jones County, and Individually; THE JONES COUNTY BOARD OF SUPERVISORS; RANDALL KEITH PARKER in his official capacity as a former agent of the Southeast Mississippi Drug Task Force and individually; JASON SCOTT SIMS in his official capacity as a former agent of the Southeast Mississippi Drug Task Force and individually; ROGER WILLIAMS in his official capacity as a former agent of the Southeast Mississippi Drug Task Force and individually; COVINGTON COUNTY, MISSISSIPPI; THE COVINGTON COUNTY SHERIFF'S OFFICE; SHERIFF ROGER WOOD SPEED in his official capacity as the Sheriff of Covington County, and Individually; THE COVINGTON COUNTY BOARD OF SUPERVISORS; JASPER COUNTY, MISSISSIPPI; THE JASPER COUNTY SHERIFF'S OFFICE; SHERIFF KENNETH CROSS in his official capacity as the Sheriff of Jasper County, and Individually; THE JASPER COUNTY BOARD OF SUPERVISORS; SMITH COUNTY, MISSISSIPPI; THE SMITH COUNTY SHERIFF'S OFFICE; SHERIFF CHARLIE CRUMPTON, in his official capacity as the Sheriff of Smith County, and Individually; THE SMITH COUNTY BOARD OF SUPERVISORS; and JOHN DOES 1-15

## FIRST AMENDED COMPLAINT

COME NOW the Plaintiffs, ROBERT DEAN COOLEY and BLAKE DALTON COOLEY, a minor, by and through Robert Dean Cooley, his father and next friend, by and through counsel, and file this their Amended Complaint against Defendants, as follows, to-wit:

### PARTIES:

1. Plaintiff Robert Dean Cooley (hereinafter referred to as "Cooley") is an adult


EXHIBIT A

resident citizen of Jones County, Mississippi whose address is 18 Poor Boys Road, Laurel, MS 39443.

2. Plaintiff Blake Dalton Cooley is a minor resident citizen of Jones County, Mississippi whose address is 18 Poor Boys Road, Laurel, MS 39443.

3. Defendant, Jones County Sheriff's Office, is a governmental law enforcement agency, directly under the control and supervision of Jones County, MS and may be served with process through the Chancery Clerk of Jones County, Mississippi.

4. Defendant, Jones County, MS, is a governmental entity, and may be served with process through the Chancery Clerk of Jones County, Mississippi.

5. Defendant, Covington County Sheriff's Office, is a governmental law enforcement agency, directly under the control and supervision of Covington County, MS and may be served with process through the Chancery Clerk of Covington County, Mississippi.

6. Defendant, Covington County, MS, is a governmental entity, and may be served with process through the Chancery Clerk of Covington County, Mississippi.

7. Defendant, Jasper County Sheriff's Office, is a governmental law enforcement agency, directly under the control and supervision of Jasper County, MS and may be served with process through the Chancery Clerk of Jasper County, Mississippi.

8. Defendant, Jasper County, MS, is a governmental entity, and may be served with process through the Chancery Clerk of Jasper County, Mississippi.

9. Defendant, Randall Parker, upon information and belief, is an adult resident citizen of Jones County, MS and may be served with process at 205 S. Pine Street, Sandersville, MS 39477.

10. Defendant, Scott Sims, upon information and belief, is an adult resident citizen of Jones County, MS and may be served with process at his residence on Trace Road, Laurel, MS 39443.

11. Defendant, Roger Williams, upon information and belief, is an adult resident citizen of Jones County, MS and may be served with process at #2 Ole Miss Drive, Laurel, MS 39440.

12. Sheriff T. Larry Dykes is an adult resident citizen of Jones County, MS and may be served with process at the Jones County Sheriff's Office.

13. Sheriff Roger Speed Wood is an adult resident citizen of Covington County, MS and may be served with process at the Covington County Sheriff's Office.

14. Sheriff Kenneth Cross is an adult resident citizen of Jasper County, MS and may be served with process at the Jasper County Sheriff's Office.

15. Defendant Jones County Board of Supervisors is a local governmental entity and may be served with process on its President, Andy Dial.

16. Defendant Jasper County Board of Supervisors is a local governmental entity and may be served with process on its President, Curtis Gray, Sr.

17. Defendant Covington County Board of Supervisors is a local governmental entity and may be served with process on its President, Marson Trigg.

18. Defendant, Smith County Sheriff's Office, is a governmental law enforcement agency, directly under the control and supervision of Smith County, MS and may be served with process through the Chancery Clerk of Smith County, Mississippi.

19. Defendant, Smith County, MS, is a governmental entity, and may be served with process through the Chancery Clerk of Smith County, Mississippi.

20. Defendant Charlie Crumpton is an adult resident citizen of Smith County, MS and may be served with process at the Smith County Sheriff's Office.

21. Defendant Smith County Board of Supervisors is a local governmental entity and may be served with process on its President, Wilson Hallman

22. Defendant Smith County Board of Supervisors

23. Defendants John Does 1-10 are unknown individuals, and/or entities who are liable to Plaintiff for the tortuous acts described in this Complaint. The John Doe defendants also include any of Defendant's employees, agents, independent contractors and/or representatives who are liable to Plaintiff for tortuous acts described in this complaint.

24. Hereinafter the following Defendants shall be referred to as "the governmental Defendants": Jones County, MS, the Jones County Sheriff's Office, the Jones County Board of Supervisors, Sheriff Larry Dykes, Jasper County, MS, the Jasper County Sheriff's Office, the Jasper County Board of Supervisors, Sheriff Kenneth Cross, Covington County MS, the Covington County Sheriff's Office, the Covington County Board of Supervisors, and Sheriff Roger Wood Speed.

## VENUE AND JURISDICTION:

25. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, §1986 and §1988, and the 4th and 14th Amendments to the United States Constitution such that federal jurisdiction is appropriate. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1343. This Court has pendant jurisdiction to hear state law claims including but not limited to claims under the Mississippi Tort Claims Act. Plaintiff has given proper notice to the governmental defendants pursuant to the

Mississippi Tort Claims Act.

## FACTUAL ALLEGATIONS:

26. On or about November 16, 2005 Roger Williams, acting in the course and scope of his employment as then-Commander of the Southeast Mississippi Drug Task Force, and one Crystal Bunch, a white female civilian who on information and belief was acquainted with Cooley and all of the law enforcement officers referenced herein, called Robert Dean Cooley (hereinafter "Cooley") and instructed Cooley to meet Bunch at the Mt. Vernon Methodist Church, which is within walking distance from Cooley's home. Cooley was told to go behind the Church and wait for Bunch. Unbeknownst to Cooley, his thirteen-year-old son, Blake Dalton Cooley, followed his father to the Church and witnessed all of the events described herein.

27. Upon arriving at the Church, as he was instructed to do, then-Agent Randall Parker, acting in the course and scope of his employment as an agent with the Southeast Mississippi Drug Task Force, emerged from behind the Church and yelled "Sheriff's Department." Parker then ordered Cooley to get on the ground and instructed then-agent Scott Sims, who was acting in the course and scope of his employment as an agent with the Southeast Mississippi Drug Task Force, to "pick up whatever Cooley had dropped". Cooley contends he had nothing in his hands and dropped nothing. Cooley was then handcuffed, with his hands behind him. Some few minutes later, Williams and Bunch pulled up in Williams' county car.

28. Commander Williams then walked to the back of his county car, opened his trunk and took out some sort of stick or wooden object. Cooley was standing up at that point. Williams walked behind Cooley who was still handcuffed, and hit him with the

Case 2:06-cv-00251-KS-MTP    Document 6    Filed 11/30/2006    Page 6 of 14
Case 2:06-cv-00251-KS-MTP    Document 34-2    Filed 03/20/07    Page 6 of 14

wooden object, the blow being so hard and so severe that Cooley immediately fell to the ground. Williams then continued for several minutes to brutally beat Cooley with the wooden object, delivering between fifty (50) to sixty (60) blows.

29. Agent Parker then pulled Cooley up from the ground and told him "This will teach you to do what we want." A deputy sheriff pulled up and transported Cooley to the Jones County Jail where he was incarcerated. Cooley was in extreme distress and pain and asked for medical treatment for several days. At the Jail, his body turned purple and bruises and abrasions became very obvious. Cooley was finally seen by Dr. Patel at the Jail some time after the incident. At that time, Cooley was still purple, bruised and injured from his shoulders to his waist from the beating.

30. Cooley was charged with Possession of Cocaine and was illegally and wrongfully incarcerated from November 16, 2005 to April 8, 2006 in the Jones County Jail - three weeks of which was spent in solitary confinement.

31. Cooley, who is disabled, had undergone lung biopsies about two (2) years prior to this incident and had been diagnosed with sarcoidosis and severe sleep apnea and was taking numerous medications. He also suffers from hypertension and anxiety. He missed a scheduled appointment with his pulmonologist, Dr. John Wallace, while he was being illegally imprisoned in the Jones County Jail, and is now experiencing more physical problems, additional medical problems, and severe emotional distress as a result thereof.

32. Defendants Williams, Parker and Sims performed all of the acts and omissions complained of herein while in the course and scope of their employment as agents of the Southeast Mississippi Drug Task Force, a multi-jurisdictional narcotics

task force serving Jones, Jasper and Covington counties.

33. The governmental Defendants are liable for the torts and wrongful conduct of their agents and employees.

34. The governmental Defendants are also being sued due to their prior knowledge of Defendants Williams, Parker and Sims' predispositions and histories of misconduct. The governmental Defendants are also being sued for their refusal and failure to discipline and/or terminate Defendants Williams, Parker and Sims on previous occasions when Williams, Parker and Sims' predispositions were known or should have been known to the governmental Defendants. The governmental Defendants are also being sued for their failure to adopt and maintain such policies, practices and procedures in connection with their responsibilities of overseeing the Southeast Mississippi Drug Task Force as would have prevented the injuries sustained by Plaintiffs.

35. At all times material to this Complaint, Defendants Williams, Parker and Sims acted under color of law and the statutes, customs, rules and procedures of the Southeast Mississippi Drug Task Force and pursuant to customs, practices, and policies implemented and/or ratified by the governmental Defendants.

36. By reason of Defendants' conduct, acts and omissions, Plaintiff Cooley was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, by, inter alia, a) subjecting Plaintiff to an unreasonable search and seizure, b) depriving Plaintiff of his constitutionally protected rights, c) engaging in conduct of abuse of power and authority which shocks the conscience, and d) other such conduct as may be revealed through

discovery.

37. By reason of Defendants' conduct, acts and omissions, Plaintiff Blake Cooley was deprived of rights, privileges, and immunities secured to him by the United States Constitution, by, inter alia, a) engaging in conduct of abuse of power and authority which shocks the conscience, and b) other such conduct as may be revealed through discovery. As a result of said conduct, acts and omissions of the Defendants, Plaintiff Blake Cooley was suffered and will continue to suffer extreme mental duress.

## COUNT I. - MISSISSIPPI TORT CLAIMS VIOLATIONS

38. Plaintiffs incorporate the above numbered paragraphs as if fully set forth herein.

39. Defendants are liable to Plaintiffs for their acts and omissions under the Mississippi Tort Claims Act.

40. As a direct and proximate result said acts and omissions, Plaintiffs suffered and will continue to suffer injuries, and emotional pain and suffering, for which Defendants are liable.

## COUNT II - INEADEQUATE TRAINING, HIRING, & SUPERVISION

41. Plaintiffs incorporate the above numbered paragraphs as if fully set forth herein.

42. The governmental Defendants have, at all times pertinent hereto, been responsible for supervising and disciplining employees of the Southeast Mississippi Drug Task Force.

43. The governmental Defendants knowingly, recklessly, and with gross

negligence, failed to adopt and carry out adequate and responsible policies necessary to instruct, supervise, control and discipline on a continuing basis Defendants Williams, Parker and Sims in their duties to refrain from depriving Plaintiff Cooley of his constitutional and statutory rights, privileges, and immunities. If the governmental Defendants had not so acted. Had the governmental Defendants properly discharged their duties, Defendants Williams, Parker and Sims would not have been hired, retained, or inadequately trained and supervised by the governmental Defendants, and they (Williams, Parker and Sims) would not have been able to injure Plaintiffs.

44. As a direct and proximate result of the breach of said duties, Plaintiffs suffered and will continue to suffer injuries, and emotional pain and suffering for which Defendants are liable.

### COUNT III. - 42 U.S.C. § 1983

45. Plaintiffs incorporate the above numbered paragraphs as if fully set forth herein.

46. The use of improper law enforcement procedures and the acts by Defendants Williams, Parker and Sims violated the rights of Plaintiff under the Fourth, and Fourteenth Amendments to the United States Constitution and constitutes violations of 42 U.S.C. § 1983. The actions of Defendants against Plaintiff were made under the color of state law by Defendant Williams, Parker and Sims acting within the course and scope of their employment as agents of the Southeast Mississippi Drug Task Force.

47. The violation of Plaintiffs' constitutional rights was caused by implementation of customs, policies, and official acts of the governmental Defendants which reflected deliberate indifference on the part of the governmental Defendants to the constitutional

rights of the Plaintiffs. Such customs, policies and official acts included, but are not limited to, the following:

(A) Defendants, their agents and employees, deliberately chose a training program, if any, which was so grossly inadequate that officer misconduct was inevitable and which lead to repeated violations of the constitutional rights of the public with whom the agents come into conduct;

(B) Agents employed by Defendants, including Williams, Parker and Sims, in performing law enforcement duties, so often violate the constitutional rights of individuals that the need for further training, control and supervision is and has been plainly obvious to the governmental Defendants, who nonetheless are and have been deliberately indifferent to such need and whose lack of concern about the resulting constitutional violations tacitly authorize, encourage and foster the unconstitutional conduct;

( C) Defendants through their agents and employees, were on notice of prior misbehavior by its officers, including Defendants Williams, Parker and Sims, yet failed to take remedial or disciplinary steps, thereby manifesting deliberate indifference to the offensive acts and to the constitutional rights of the public, including Plaintiffs;

(D) Retaining Defendants Williams, Parker and Sims despite their misconduct;

(E) Such other customs, policies, or official acts which will be learned and proven through discovery;

48. Defendants manifested deliberate indifference to the rights of individuals such as Plaintiff by failing to take action to correct constitutionally violative conduct by police officers, of which they were aware, including Defendants Williams, Parker and

Sims.

49. As a direct and proximate result of the unconstitutional acts of Defendants, Plaintiffs suffered and will continue to suffer injuries, all of which Plaintiffs are entitled to recover damages.

## COUNT IV.  ASSAULT AND BATTERY

50. Plaintiffs incorporate the above-referenced paragraphs as if fully set forth herein.

51. Defendants Williams, Parker, and Sims assaulted and battered Cooley.

52. As a direct and proximate result of the unconstitutional acts of Defendants, Plaintiffs suffered and will continue to suffer injuries, all of which Plaintiffs are entitled to recover damages.

## COUNT V. FALSE ARREST AND ILLEGAL IMPRISONMENT

53. Plaintiffs incorporate the above-referenced paragraphs as if fully set forth herein.

54. Defendants Williams, Parker, Sims and others illegally arrested and illegally imprisoned Cooley.

55. As a direct and proximate result of the unconstitutional acts of Defendants, Plaintiffs suffered and will continue to suffer injuries, all of which Plaintiffs are entitled to recover damages.

## COUNT VI.  42 U.S.C. § 1983

56. Plaintiffs incorporate the above-referenced paragraphs as if fully set forth herein.

57. Prior to November 16, 2005 Jones County developed and maintained

policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Jones County, MS, which caused the violations of Cooley and Blake Cooley's civil rights.

58. It was the policy and/or custom of Jones County to inadequately and improperly investigate citizen complaints of officer misconduct, and acts of misconduct were instead tolerated by Jones County.

59. It was the policy and/or custom of Jones County to inadequately supervise and train officers, including the defendant officers, thereby failing to adequately discourage further constitutional violation on the part of its officers. Jones County did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

60. As a result of the above-described policies and customs, officers of Jones County, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

61. The above-described policies and customs demonstrated a deliberate indifference on the part of policymakers of Jones County to the constitutional rights of people within Jones County, and were the cause of the violations of Cooley's rights alleged herein.

62. As a direct and proximate result of the unconstitutional acts of Defendants, Plaintiffs suffered and will continue to suffer injuries, all of which Plaintiffs are entitled to recover damages.

## COUNT IV. - INFLICTION OF EMOTIONAL DISTRESS

63. Plaintiffs incorporate the above numbered paragraphs as if fully set forth herein.

64. Defendants acts and ommissions as described herein have caused Plaintiff to suffer from extreme emotional distress.

65. As a direct and proximate result of Defendants' conduct as described herein, Plaintiff suffered injuries for which Plaintiffs are entitled to recover damages from Defendants.

## COUNT V. NEGLIGENCE

66. Plaintiffs incorporate the above numbered paragraphs as if fully set forth herein.

67. Defendants acts and omissions as described herein are a result of negligence on the part of the Defendants under 42 U.S.C. § 1986 and state law.

68. As a direct and proximate result of Defendants' conduct as described herein, Plaintiffs suffered injuries for which Plaintiffs are entitled to recover damages from Defendants.

## COUNT VI. - PUNITIVE DAMAGES

69. Plaintiffs incorporate the above numbered paragraphs as if fully set forth herein.

70. Defendants' actions as described herein warrant the imposition of punitive damages, there being willful misconduct, malice, wantonness, oppression, and a conscious and deliberate indifference to consequences.

71. Plaintiffs are entitles to recover punitive damages from Defendants in an amount to be determined at trial.

72. The Plaintiffs hereby demand a jury trial.

**WHEREFORE**, Plaintiffs Robert Dean Cooley and Blake Cooley respectfully pray for the following relief jointly and severally from Defendants:

a. For actual damages including but not limited to, past and future medical expenses, past and future pain, suffering and mental anguish, past and future loss of enjoyment of life;

b. For prejudgment and post-judgment interest on Plaintiffs' damages;

c. For attorney's fees, expenses and costs;

d. For punitive damages; and

e. For other such relief as this Court deems appropriate.

This the 24 day of November, 2006.

Respectfully submitted,
ROBERT DEAN COOLEY

By: *Pamela L. Huddleston*
Pamela L. Huddleston
His Attorney

PAMELA L. HUDDLESTON
Attorney at Law
MS Bar No. 99176
Post Office Box 1194
Laurel, MS 39441-1194
(601) 649-9200
(601) 649-9270 fax